### RICH et al. v. CORNO MILLS CO. et al.

(District Court, N. D. Iowa, Cedar Rapids Division. June 30, 1924.)

### No. 174.

Removal of causes ⬳26—Cause not removable, where one defendant is a resident, though not citizen, of the state.

Under the second clause of Judicial Code, § 28 (Comp. St. § 1010), providing that "any other suit of a civil nature * * * may be removed * * * by the defendant or defendants therein, being nonresidents of that state," a cause of which the federal court has general jurisdiction only by reason of diverse citizenship is not removable, where one of the defendants is a resident, though not a citizen, of the state.

At Law. Action by C. M. Rich and A. H. Rich against the Corno Mills Company and others. On motion to remand to state court. Motion granted.

Johnson, Donnelly & Lynch, of Cedar Rapids, Iowa, for plaintiffs.
Grimm, Wheeler & Elliott, of Cedar Rapids, Iowa, and Jones, Hocker, Sullivan & Angert, of St. Louis, Mo., for defendants.

SCOTT, District Judge. The above-entitled cause came before the court on the 4th day of April, 1924, at Cedar Rapids, Iowa, upon the plaintiffs' motion to remand.

C. M. Rich and A. H. Rich, citizens of Iowa, as plaintiffs, brought an action at law in the district court of Linn county, Iowa, against the Corno Mills Company, an Illinois corporation, National Oats Company, an Illinois corporation, J. R. Mathews, John C. Reid, and G. D. Simonds, defendants, to recover the sum of $250,000, alleged to be due as damages for conspiracy to breach a contract. The defendants removed the action to this court upon the ground of diversity of citizenship, alleging the two corporations to be organized under the laws of Illinois, and that the individual defendants were all citizens of the state of Missouri. The plaintiffs, by a motion to remand and plea, joined issue on defendants' petition for removal, alleging that G. D. Simonds was, at the time of the beginning of the suit and at the time of the filing of the motion, a citizen and resident of the state of Iowa. The issue joined on the motion and plea was tried to the court, both sides introducing testimony.

From the evidence introduced it appears that the Corno Mills Company, an Illinois corporation, located at East St. Louis, in that state, is the owner of all the corporate stock of the National Oats Company,

also an Illinois corporation, of East St. Louis; that the two corporations have common officers and directors; that G. D. Simonds was and still is vice president and secretary of said corporations; that about October, 1921, the Corno Mills Company entered into a contract with the plaintiffs by the terms of which the plaintiffs were given an option to purchase a cereal manufacturing plant at Cedar Rapids, Iowa, in the Northern district of Iowa; that said option was to be exercised by November 1, 1923; that in the meantime the plaintiffs were to enter the employ of the Corno Mills Company and take charge of and operate said plant; that at the time of entering into said contract the defendant G. D. Simonds was a citizen of the state of Missouri, residing in a suburb of the city of St. Louis, in said state, and devoting his time actively to the business of the Corno Mills Company, at East St. Louis, Ill.; that after the option contract was executed the president of the Corno Mills Company approached Simonds and requested that he go to Cedar Rapids, Iowa, and look after the interests of the Corno Mills Company in connection with the National Oats plant at that place during the term of the option, and, in case the option was not exercised, until such time as the plant could be otherwise disposed of.

Simonds had no real interest in the corporations, for he had but one share of the corporate stock, which he held in trust and to qualify him as an officer; otherwise he was simply an employee. Simonds agreed to this request, and shortly thereafter sold his home in St. Louis, or a suburb thereof, and removed his family, wife and children, to Cedar Rapids, and there continued in the employ of the Corno Mills Company, supervising the interests of that concern in the Cedar Rapids plant. Not being able to rent a suitable home, he purchased one, placed his children in school, took out memberships in certain clubs, and became a resident of Cedar Rapids. When he removed to Cedar Rapids, he left no property, real or personal, in the state of Missouri. He testifies, however, that it was his intention, at the termination of his services in Cedar Rapids, to return to St. Louis and assume his work there with the Corno Mills Company; that he never intended to relinquish his citizenship in the state of Missouri, or become a citizen of Iowa; that he never voted in Iowa, or exercised any privilege inconsistent with his Missouri citizenship; that he did intend, however, to reside in Cedar Rapids and continue his work there until the plaintiffs' period for exercising the option referred to should expire, and if not exercised, until some disposition of the plant should be made.

I am constrained to hold that under the evidence the plaintiffs have failed to prove that defendant Simonds was a citizen of the state of Iowa at the time of the commencement of the action, or at any time. However, I am equally convinced that the evidence shows that Simonds was a resident of the Northern district of Iowa and of the city of Cedar Rapids at all times after his removal there in 1921. In these circumstances was the case a removable one? The question must be determined by a correct interpretation of clause 2, section 28, of the Judicial Code (Comp. St. § 1010). That section, after specifying in the first clause thereof certain suits that may be removed, provides:

"Any other suit of a civil nature, at law or in equity, of which the District Courts of the United States are given jurisdiction by this title, and

which are now pending, or which may hereafter be brought, in any state court, may be removed into the District Court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that state. * * * "

Counsel on the respective sides of this case in their briefs each say that they have been unable to find any decision directly in point, and I have, although I have searched diligently, failed to find any such reported case. It seems to me, however, that the language of the section under consideration is clear and unambiguous. The section was analyzed by Mr. Justice Van Devanter, in Lee v. Chesapeake & Ohio Ry., 260 U. S. 653, 43 Sup. Ct. 230, 67 L. Ed. 443, a case, however, not involving this particular question. I here quote his language:

"It will be perceived that the right of removal under section 28 arises whenever a suit within the general jurisdiction of the District Courts is begun in 'any' state court, and also that the party to whom the right is given is designated in direct and unequivocal terms. Where the suit arises under the Constitution, or a law or treaty, of the United States, the right is given to 'the defendant or defendants' without any qualification, and as to 'any other suit' it is given to 'the defendant or defendants,' if he or they be 'nonresidents of that state.' * * * "

It is well settled that, for the purpose of testing the right of removal, plaintiffs and defendants, when arrayed according to their true interests, must be taken collectively. Therefore, if any necessary party defendant is not a nonresident of the state, it is the same as though all parties defendant were residents of the state.

Numerous cases have been cited wherein the residence of foreign corporations and aliens were questioned, but I do not conceive these cases to be of any material aid, as bearing on the question here involved. I am constrained to hold that the case as begun in the district court of Linn county, Iowa, was not a removable case, in view of the residence of one of the defendants in this state and district.

The plaintiffs' motion to remand will therefore be sustained.