### DAVIDSON v. MONTANA–DAKOTA POWER CO. et al.

District Court, D. North Dakota, W. D. November 7, 1927.

**1. Removal of causes ⚖=30—Municipality held not to have interest preventing removal for diversity of citizenship of other defendants.**

Defendant municipal corporation, which is only nominally a party, and against whom no cause of action is stated, has no such interest as would make it a necessary defendant, or prevent removal of case on ground of diversity of citizenship of other defendants.

**2. Removal of causes ⚖=26—Defendant, living in state for several years, held not entitled to removal for diversity of citizenship.**

A defendant, who with his family has lived in state where action was brought for several years, and may live there indefinitely, although a resident of another state, cannot have cause removed on ground of diversity of citizenship.

**3. Removal of causes ⚖=54—Cause held removable by corporate defendant, on ground that separable controversy exists between it and plaintiff.**

Action against corporate defendant and its officers, wherein full and complete relief could be obtained against corporation without presence of individual officers as parties, *held* properly removed by corporate defendant, on ground that separable controversy exists between it and plaintiff.

**4. Removal of causes ⚖=58—Entire suit is removable, where controversy is between citizens of different states, which can be fully determined as between them.**

If pleadings disclose controversy wholly between citizens of different states, which can be fully determined as between them, entire suit is removable, regardless of fact that other controversies are properly included in pleadings which are between parties as to which no diversity of citizenship exists.

At Law. Action by W. S. Davidson against the Montana-Dakota Power Company and others. Heard on the motion of the plaintiff to remand this cause to the district court of the county of Ward, in and for the Fifth judicial district of the state of North Dakota, whence it was removed. Motion denied.

McGee & Goss, of Minot, N. D., for plaintiff.

Sullivan, Hanley & Sullivan, of Mandan, N. D., and O'Hare, Cox & Cox, of Bismarck, N. D., for defendants.

JOHN B. SANBORN, District Judge. [1] W. S. Davidson, the plaintiff, is a resident and citizen of North Dakota. The defendants Montana-Dakota Power Company and R. M. Heskett are not residents or citizens of North Dakota. Warren Jennison claims to be a citizen of Montana. The city of Williston is a municipal corporation of North Dakota. The city of Williston is only nominally a party; no cause of action appears to be stated as against it; it has a contract with the defendant power company, made after all of the things had transpired upon which the plaintiff's cause of action is predicated. It may have an interest in the outcome of the litigation, but not such an interest as would make it a necessary defendant, or prevent a removal of the case on the ground of the diversity of citizenship of the other defendants.

[2] The defendant Warren Jennison is a citizen of Montana, residing in North Dakota. His affidavit indicates that he considers himself a temporary resident. Such a conclusion is scarcely justified. He lives with his family in Williston, and has lived there for several years, and may live there indefinitely. On the authoritiy of Thurber v. Miller (C. C. A.) 67 F. 371, Wichita Nat. Bank v. Smith (C. C. A.) 72 F. 568, Fife v. Whittell (C. C.) 102 F. 537, Eddy v. Casas (C. C.) 118 F. 363, and Rich v. Corno Mills Co. (D. C.) 300 F. 236, Jennison would have no right to remove this cause on the ground of diversity of citizenship, and the action would be maintainable as to him in the state court. Reynolds v. Adden, 136 U. S. 348, 10 S. Ct. 843, 34 L. Ed. 360, is not authority to the contrary. It merely holds that a citizen of one state, temporarily residing in another state,

may remove a cause of action on the ground of diverse citizenship.

[3] However, it is claimed by the defendants that a separable controversy exists between the plaintiff and the Montana-Dakota Power Company. The plaintiff seeks a return of property conveyed to the company, the cancellation of the contract pursuant to which it was conveyed, and an accounting. The ground upon which the relief is sought is the fraud of the company and its officers, Heskett and Jennison. It is not alleged that Heskett and Jennison, as individuals or as distinguished from the company, have any property or money which in equity belongs to the plaintiff. The claim appears to be that what they did they did as officers of the company. Apparently full and complete relief could be obtained against the company without the presence of the individual defendants as parties, and certainly the controversy which exists between the plaintiff and the company can be determined, whether Heskett and Jennison are parties or not.

[4] Under the authority of Barney v. Latham, 103 U. S. 205, 26 L. Ed. 514, if the pleadings disclose a controversy wholly between citizens of different states, which can be fully determined as between them, then the entire suit is removable, and that regardless of the fact that other controversies are properly included in the pleadings, which are between parties as to which no diversity of citizenship exists.

The conclusion seems unescapable that this case was properly removed by the Montana-Dakota Power Company, and that this court has no other option than to retain jurisdiction. See Geer v. Mathieson Alkali Works, 190 U. S. 428, 23 S. Ct. 807, 47 L. Ed. 1122; Keenan v. Gladys Belle Oil Co. (D. C.) 11 F.(2d) 418, and cases cited therein.

The motion to remand is denied.