## HUNT et al. v. DODGE.

### No. 2023.

District Court, D. Connecticut.

July 11, 1947.

Nevas & Nevas, and Leo Nevas, all of South Norwalk, Conn., for plaintiffs.

Goldstein & Peck, and Bernard S. Peck, all of Bridgeport, Conn., for defendant.

HINCKS, District Judge.

The defendant Dodge is a citizen of Michigan: there he is domiciled and maintains a permanent home. But in addition he owns and staffs a farm in Greenwich, Connecticut, where he spends an average of fifty days yearly: also an estate in England. The question is whether Dodge is a "nonresident" of Connecticut within the meaning of the Removal Act, 28 U.S.C.A. § 71, which in diversity cases allows removal from a State Court by a defendant or defendants therein "being nonresidents of that State."

The reported cases treat the term "nonresident" synonymously with "noncitizen", as far as the Removal Statute is concerned. Best v. Great Northern R., D.C.Mont., 1917, 243 F. 789; Kinsel et ux v. Pickens, D.C. W.D.Tex., 1938, 25 F.Supp. 455.

In 3 Moore's Federal Practice, in a footnote, No. 7 on page 3492, two "contra holdings" are cited. Rich v. Corno Mills Co., D.C.N.D.Iowa, 1924, 300 F. 236; and Davidson v. Montana-Dakota Power Co., D.C.N.D., 1927, 22 F.2d 688. However, neither of these cases appears to be applicable here: both deal with men who had abandoned former homes and moved into new States where they set up homes for their families. Thus, the defendant in neither of these cases could be said to be only a temporary resident of the new State: in fact they, for all intents and purposes, might be deemed to have acquired new domiciles and new citizenship. Cf. Bradwell v. State, 16 Wall. 130, 21 L.Ed. 442. Indeed, the Davidson opinion cites with approval an earlier Supreme Court decision, Reynolds v. Adden, 136 U.S. 348, 10 S.Ct. 843, 34 L.Ed. 360, where the court said: "A citizen of one state, temporarily residing in another state, may remove a cause of action on the ground of diverse citizenship." 22 F.2d 688, at page 689.

It is perhaps worth noting, although not determinative on the precise question here involved, that a similar (but not identical) problem relating to the Venue Act, 28 U.S. C.A. § 112(a) has received a similar solution. An "inhabitant" or "resident", for purposes of that Act, is deemed to mean "neither more nor less than legal domicile, as a result of which jurisdiction except by consent is confined to the district in the State of which one or the other of the parties is a citizen." King v. Wall & Beaver Street Corporation, 79 U.S. App.D.C. 234, 145 F.2d 377, at page 379. However, here, too, the problem seems not wholly free from confusion. Townsend v. Bucyrus-Erie Co., 10 Cir., 144 F.2d 106.

The cases cited by the plaintiff do not purport to construe or apply the Removal Act except Lee v. Chesapeake & Ohio R., 260 U.S. 653, 43 S.Ct. 230, 67 L.Ed. 443. In that case the nonresidence of the defendant corporation was recognized and its right of removal was confirmed.

It is therefore ordered that the motion be denied.