Elige **HAY**

v.

**D. G. GILBERT, d/b/a D. G. Gilbert Trucking Company, Chester E. Gilbert, National Indemnity Company, Travelers Indemnity Company, and American Employers' Insurance Company.**

Civ. A. No. 781282.

United States District Court, W. D. Louisiana, Shreveport Division.

Dec. 15, 1978.

E. Joseph Bleich, Wright, James, Hogg & Bleich, Ruston, La., for plaintiff.

D. G. Gilbert, d/b/a D. G. Gilbert Trucking, Chester E. Gilbert, Nat. Indemnity, Richard H. Switzer, Lunn, Irion, Switzer, Johnson & Salley, Shreveport, La., for defendants.

Jerald L. Perlman, Blanchard, Walker, O'Quin & Roberts, Shreveport, La., for Travelers Indemnity.

Robert W. Kostelka, Kostelka & Swearingen, Monroe, La., for American Employers'.

RULING and ORDER

DAWKINS, Senior District Judge.

While procedurally complex, the matter before us ultimately turns on the question of whether, for purposes of the removal statutes,[1] a plaintiff's claim against an uninsured (underinsured) motorist insurer is

---

1. 28 U.S.C. §§ 1441, *et seq.*

"separate and independent"[2] from claims against the alleged tortfeasors and their insurer. After resolving the procedural issues, we hold that such a claim is not separate and independent and remand the proceeding to the appropriate State Court.

On March 10, 1978, plaintiff filed an original complaint in this Court against D. G. Gilbert, d/b/a D. G. Gilbert Trucking Company, Chester E. Gilbert, and National Indemnity Company (Civil Action No. 780270). By subsequent amendment, defendant Travelers Indemnity Company and American Employers' Indemnity Company were added. The claims against the two uninsured (underinsured) motorist insurers (UM carriers), Travelers and American, were dismissed by us for lack of jurisdictional amount.

Meanwhile, on September 18, 1978, plaintiff filed another suit, identical for our purposes to the prior suit in federal Court, in the Second Judicial District Court, Bienville Parish, Louisiana (Docket No. 23952). Alleging that the claims against them were separate and independent, on October 2, 1978, the two alleged tortfeasors and their insurer removed the case to this Court.

On October 10, 1978, these three defendants filed a motion to dismiss, claiming that the identity between this removed action (No. 781282) and the pending, prior action (No. 780270) rendered this action unnecessary. Taking plaintiff's lack of opposition to this motion as an implied consent thereto, we granted the motion on November 2, 1978.

On the same day, however, and unknown to us until later, the Clerk received plaintiff's motion to remand, which raised the "separate and independent" issue and prayed for remand of the proceeding. When we received notice of the motion to remand, the parties were informed that we considered the matter moot.

Plaintiff, now "in gear," filed a motion for reconsideration of the November 2d ruling. Briefs in support of and in opposition to this motion have been received. We have also received a motion by Travelers, one of the UM carriers, to remand claims against it if the November 2d ruling was rescinded.

■ Procedural rules are intended to be aids for the attainment of substantial justice between the parties, not means for the prevention thereof.[3] Were we to deny plaintiff's motion to reconsider, plaintiff undoubtedly would refile the action in State Court, defendants would remove, and we would face the same issues several weeks hence after additional costs and loss of time had been borne by the parties. Thus a denial of reconsideration would cause unnecessary duplication, costs, and delay; and we therefore agree to reconsider our previous dismissal of this action and to reach the issue of whether or not the case should be remanded to the State District Court.

■ *American Fire & Casualty Company v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1950), provides general guidance on whether for the purposes of § 1441(c) one claim or cause of action is separate and independent from another. After comparing the statute in its present form to its predecessor, and after noting the intent of Congress to limit removal from State Courts, the Supreme Court, through Mr. Justice Reed, stated what might be called the "single wrong" test:

> Where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).[4]

---

**2.** 28 U.S.C. § 1441(c) provides:

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand

all matters not otherwise within its original jurisdiction."

**3.** See, *e. g.,* Rule 1, Federal Rules of Civil Procedure; 4 Wright and Miller, *Federal Practice and Procedure,* § 1029.

**4.** 341 U.S. at 14, 71 S.Ct. at 540.

The Court also considered whether the plaintiff's claims arose from a single incident and whether the allegations against each defendant involved substantially the same facts and transactions.[5]

In *Finn,* plaintiff, who had suffered fire losses, brought suit against two fire insurers and an insurance agent. The claims against the insurers can be characterized as actions *ex contractu,* and the action against the agent was at best a mixed action, if not totally *ex delicto.* All actions, however, arose out of the fire loss—the single wrong or single incident which prompted all three suits.

In the case before us, all claims made by plaintiff were prompted by involvement in an automobile accident. Plaintiff's injuries constitute a single "wrong," and the allegations against each defendant involve substantially the same facts. Thus, the actions against the alleged tortfeasors and their insurer cannot be considered separate and independent from the actions against the UM carriers.

Much is made of the distinction between the nature of the actions before us (*i. e., ex delicto* versus *ex contractu* ).[6] In light of the holding in *Finn,* however, and the nature of the actions there involved, we cannot consider the nature of the actions a controlling factor.

We find some support from the case of *Orlikowski v. Mearns,* 212 F.Supp. 37 (E.D. Va.1962). There, an automobile tort case, plaintiff sued the alleged tortfeasor in State Court and served process on plaintiff's UM carrier as well, in accordance with Virginia's procedural rules. The UM carrier removed the action to federal Court; the alleged tortfeasor did not join in the removal. Pretermitting contentions that the UM carrier was not properly in the suit by assuming it was, the Court held that the claims against the carrier and the claims against the alleged tortfeasor were *not* sep-

arate and independent within the meaning of § 1441(c).

Because the instant claims are not separate and independent under § 1441(c), the case is not properly before us and must be remanded to the State Court.

For the reasons stated, plaintiff's motion for reconsideration is granted, our prior order of dismissal is rescinded, and plaintiff's motion to remand is granted. Travelers' motion to sever and remand is dismissed as moot. Accordingly,

IT IS ORDERED that this proceeding be and it hereby is remanded to the Second Judicial District Court, Bienville Parish, Louisiana.

THUS DONE AND SIGNED, in Chambers, at Shreveport, Louisiana, this 15th day of December, 1978.

---

**5.** *Id.* at 16, 71 S.Ct. 534.

**6.** *See, e. g., Rafferty v. Frock,* 135 F.Supp. 292 (D.Md.1955), where the Court held that a plaintiff's claim, in an automobile tort suit, against the driver and owner of the offending vehicle was separate and independent from the owner's third party complaint against his liability insurer.