Mrs. Cora Lea CARPENTER

v.

ILLINOIS CENTRAL GULF RAILROAD
COMPANY, et al.

James E. CARPENTER

v.

ILLINOIS CENTRAL GULF RAILROAD
COMPANY, et al.

Civ. A. No. 81–631–B, 81–632–B.

United States District Court,
M. D. Louisiana.

Oct. 9, 1981.

Paul H. Due, Baton Rouge, La., for plaintiffs.

Boris F. Navratil, Baton Rouge, La., for Illinois Central Gulf Railroad Co.

John W. L. Swanner, Baton Rouge, La., for Trinity Universal Insurance Co.

POLOZOLA, District Judge.

This matter is before the Court on the motions of the plaintiffs in each of these consolidated cases to remand these cases to the state court. These suits arise out of an automobile-train collision. At the time of the accident, Mr. Carpenter was driving the automobile and his wife, Cora Lea Carpenter, was a passenger. Separate suits were filed in the Twenty-First Judicial District for Livingston Parish. After the suits were filed, the defendants, Illinois Central Gulf Railroad and Trinity Universal Insurance Company, timely removed these cases to federal court. Defendants contend the Court has jurisdiction under 28 U.S.C. § 1332. These suits were consolidated after they were removed to federal court. Plaintiffs now seek to remand these cases to state court.

■ Plaintiffs claim that the defendants waived their right to remove because Trinity Universal Insurance Company answered in state court before seeking to remove the suit to this Court. The Court rejects this allegation. It is true that if a party has good ground to remove a case to federal court, he cannot experiment on his case in state court before removing the case to federal court. *Rosenthal v. Coates*, 148 U.S. 142, 13 S.Ct. 576, 37 L.Ed. 399 (1893).

Such is not the case here, however. There has been no experimentation in the state court by the defendant which only filed an answer asserting a general denial. Actions which are preliminary and nonconclusive in character have generally been held not to constitute waiver. An intent to waive the right to remove to federal court and submit to the jurisdiction of state court must be clear and unequivocal and the waiving party's actions must be inconsistent with his right to remove. *Swan v. Community Relations-Social Development Commission*, 374 F.Supp. 9 (E.D.Wis.1974); *Haun v. Retail Credit Co.*, 420 F.Supp. 859 (W.D.Pa.1976). An answer filed in state court does not exhibit an intent. There is no request for affirmative relief, no litigation on the merits, and no prejudice to any of the parties. Such a general appearance alone generally does not amount to a waiver of the right to remand. *Genie Machine Products, Inc. v. Midwestern Machinery Co.*, 367 F.Supp. 897 (W.D.Mo.1974); *Markantonatos v. Maryland Drydock Co.*, 110 F.Supp. 862 (S.D.N.Y. 1953). Therefore, the Court finds that Trinity's answer in state court does not amount to a waiver of the right of both defendants to remove to federal court if all of the other removal requirements are met. The Court shall now separately consider the motions to remand which were filed in the two cases.

CA 81–631

■ In this lawsuit, Mrs. Carpenter has alleged three theories of recovery against the defendants. Mrs. Carpenter alleges: (1) negligence and strict liability against Illinois Central; (2) she claims coverage under the uninsured motorist provisions of a policy issued to her and her husband; and (3) she claims alternatively that Trinity is liable to her under the liability policy issued by it to her husband. 28 U.S.C. § 1441 provides that any action brought in state court over which the federal court has original jurisdiction may be removed to federal court by the defendants. In this suit, the defendants claim 28 U.S.C. § 1332 as the basis for federal jurisdiction. It is basic federal law that all plaintiffs and

all defendants must be diverse for jurisdiction to exist under this provision. *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806). A review of the record in this suit reveals that complete diversity does not exist in this case. The plaintiff Mrs. Carpenter, is a Louisiana resident. The defendant, Illinois Central, is a Delaware corporation with its principal place of business in Illinois. There is diversity between these parties. Such is not the case as between the plaintiff and her husband's liability insurer however. Mrs. Carpenter has sued Trinity in its capacity as liability insurer for her husband. 28 U.S.C. § 1332(c) provides that for the purposes of diversity and removal jurisdiction, "in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the state of which the insured is a citizen . . ." Mr. Carpenter, the insured under the liability provisions of the Trinity policy, is a citizen of Louisiana. Therefore, Trinity, which assumes Mr. Carpenter's citizenship, is not diverse with the plaintiff and thus, there is no federal diversity jurisdiction. The Court rejects the contentions of the defendant Illinois Central that the liability claim against Mr. Carpenter's insurer was made for the purposes of defeating diversity. Although Mrs. Carpenter is statutorily barred from suing her husband, Mrs. Carpenter can bring suit for her husband's negligence against his insurer. The immunity defense is personal to the spouse and cannot be asserted by the insurer. Therefore, Mrs. Carpenter has a viable, legitimate claim against Trinity. Under the facts alleged herein, the Court cannot say that the claim against Trinity was brought solely to defeat diversity jurisdiction. The Court does find that counsel for plaintiffs may have a conflict of interest in representing both plaintiffs while at the same time suing one of the plaintiff's insurers. Whether the attorney for plaintiffs has a conflict of interest is of no concern to the Court in its determination of whether, on the face of the record, diversity exists. Here, because one of the defendants, Trinity Universal Insurance Co. (as Mr. Carpenter's liability insurer), and the plaintiff are both citizens of the same state, there is no jurisdiction under 28 U.S.C. § 1332. Additionally, even if diversity was not lacking, the case would still not be removable to federal court. 28 U.S.C. § 1441(b) forbids removal to federal court when a defendant is a citizen of the state in which an action is brought. Trinity is a citizen of Louisiana under the provisions of § 1332(c). Therefore, this suit is not properly removable to federal court and should be remanded to the state court.

### CA 81–632

In this suit, Mr. Carpenter has also alleged three theories of recovery. He has sued Illinois Central under strict liability and negligence theories. As pointed out in CA 81–631, Illinois Central is diverse from Mr. Carpenter, a Louisiana resident. Mr. Carpenter has also sued Trinity under the uninsured motorist provisions of the policy it issued to the defendant. In *Irvin v. Allstate Insurance Co.*, 436 F.Supp. 575 (W.D.Okl.1977), the court stated that 28 U.S.C. § 1332(c) does not refer to suits for recovery under the uninsured motorist provisions of a policy. The statute does not refer to suits by the insured against its own insurer but only to actions by an injured plaintiff directly against the insurer of the tortfeasor. *Adams v. State Farm Mutual Automobile Insurance Co.*, 313 F.Supp. 1349 (N.D.Miss.1970); *Hernandez v. Traveler's Insurance Co.*, 489 F.2d 721 (5th Cir. 1974). Therefore, as an uninsured motorist carrier, Trinity does not assume the citizenship of Mr. Carpenter. The record indicates that Trinity (for uninsured motorist purposes) is a Texas citizen and, therefore, diverse from the plaintiff. The plaintiff also asserts that Trinity is liable to him under the liability provisions of his own policy. Normally § 1332(c) would apply and defeat diversity. However, the Court feels that here, unlike in CA 81–631, this claim has been added solely for the purposes of defeating diversity. In order to recover under the liability provisions of his own policy, the plaintiff would have to prove his own negligence.

The Court doubts that the plaintiff intends to do this. When it is clear that a party cannot recover against a particular defendant, that defendant is a mere nominal party and cannot defeat removal jurisdiction. *Alexander v. Lancaster*, 330 F.Supp. 341 (W.D.La.1971). Such is the case here and the liability claim against Trinity does not destroy the requisite diversity in this case.

■ However, even though the parties are diverse, there is still no federal jurisdiction in this case. The plaintiff limits his claim against Trinity as an uninsured motorist carrier to $5,000 (the applicable policy limits). 28 U.S.C. § 1332(a) requires an amount in controversy in excess of $10,000. The claim against Trinity does not meet this requirement. If it appears to a legal certainty that a claim is less than the jurisdictional amount, there is no federal jurisdiction. *Payne v. State Farm Mutual Automobile Insurance Co.*, 266 F.2d 63 (5th Cir. 1959). A classic example of such legal certainty is when a defendant's liability is contractually limited. Several courts have found that when an insurer's policy limits are less than the jurisdictional amount, there is no diversity jurisdiction. *Doucet v. Traveler's Insurance Co.*, 362 F.2d 263 (5th Cir. 1966). *Heavner v. State Automobile Insurance Co. of Columbus*, 340 F.Supp. 391 (W.D.Va.1972); *Mizukami v. Buras*, 419 F.2d 1319 (5th Cir. 1969). Here, not only does the plaintiff argue that there is no amount in controversy, but in his petition he limits his claim against Trinity to less than the required jurisdictional amount. Based on the face of the petition the requisite jurisdictional amount is lacking and, therefore, the Court has no federal jurisdiction.

■ The defendants argue that the claims against Trinity and Illinois Central should be aggregated to obtain the required jurisdictional amount. The traditional rule has been that claims by multiple plaintiffs against a single defendant cannot be aggregated:

> The settled rule is that when two or more plaintiffs having separate and distinct demands unite in a single suit, it is essential that the demand of each be for the requisite jurisdictional amount; but when several plaintiffs unite to enforce a single title or right in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount. *Pinel v. Pinel*, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817 (1916)

The same rule applies when suit is brought by a single plaintiff against multiple defendants. *Federal Practice and Procedure*, Wright, Miller and Cooper, § 3704, *Davis et al. v. Schwartz*, 155 U.S. 631, 15 S.Ct. 237, 39 L.Ed. 289 (1895). This doctrine was recently reiterated by the Supreme Court in the context of class actions. *Snyder v. Harris*, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969), *Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). As noted in *Pinel*, supra, a "common undivided interest" will allow aggregation of claims. Recent cases have allowed aggregation only when defendants are liable in solido. *Dendinger v. Maryland Casualty Co.*, 302 F.2d 850 (5th Cir. 1962); *Niagara Fire Insurance Co. v. Dyess Furniture Co.*, 292 F.2d 232 (5th Cir. 1961); *Aetna Casualty and Surety Co. v. Graves*, 381 F.Supp. 1159 (W.D.La.1974). A tortfeasor and an uninsured motorists carrier are not solidary obligors regardless of the allegations of the plaintiff's petition. *Hoefly v. G.E.I. Co.*, 403 So.2d 853 (2 Cir. 1981). Louisiana Civil Code Article 2091 defines solidary obligors as debtors obliged to the same thing either of whom can be held liable for the whole debt. Such is not the case here. The uninsured motorist carrier is only liable if Illinois Central is underinsured and cannot be held for the entire judgment. Nor are Trinity and Illinois Central liable for the same thing. A review of Louisiana law indicates that these defendants are not solidary obligors. A suit against one solidary obligor interrupts prescription as to all obligors. Yet La.R.S. 9:5629 provides a special prescriptive period of two years for suits against uninsured motorist insurers. If a tortfeasor and an uninsured motorist carrier were solidarily liable this special provision would not be necessary because a suit

against the tortfeasor would interrupt as to the insurer. For these reasons the Court finds that the claims against Trinity and Illinois Central are not solidary and, therefore, the amounts of the two claims cannot be aggregated to obtain the requisite jurisdictional amount. *Hoefly v. G.E.I. Co.*, supra. Therefore, there is no federal court jurisdiction in this case.

Finally, the defendants argue that 28 U.S.C. § 1441(c) should be applied to allow removal in this case. The provision provides that:

"(c) whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the District Court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

 The leading case interpreting 28 U.S.C. § 1441(c) is *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). In the *Finn* case the court concluded:

"where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)."

In determining whether or not there is a single cause of action, the Court has carefully reviewed plaintiffs' complaint. In so doing, the Court concludes that the allegations set forth in the complaint arise from an interlocked series of transactions which do not state a separate or independent claim or cause of action under 1441(c). To determine whether a claim is separate and independent the Court must look to see whether plaintiff is seeking to enforce a right that is unique to the plaintiff and whether the claim seeks to redress a single wrong that occurred to the plaintiff, apart from other wrongs that occurred. The basic test is whether the claim is for a single wrong that occurred to the plaintiff. This is such a claim. Claims arising out of a single car accident are not "separate and independent" within the meaning of 1441(c). "A pleading which alleges but one wrong for which singular relief is sought is not 'separate and independent' . . . no matter how many different defendants are said to be liable therefor or how diverse the asserted basis of liability. *Calhoun v. Calhoun*, 482 F.Supp. 347 (E.D.Okl.1978); *Hay v. Gilbert*, 461 F.Supp. 669 (W.D.La.1978). The fact that the claim against Illinois Central is tortious and the one against Trinity is contractual does not make these separate claims. The plaintiff has one claim for injuries arising out of one car accident against two defendants. His claim is not separate and independent within the meaning of 1441(c). Therefore, this case is not removable and must be remanded.

Therefore:

IT IS ORDERED that the motion of the plaintiffs to remand CA 81–631 and CA 81–632 to the Twenty-First Judicial District Court for the Parish of Livingston be and it is hereby GRANTED.