Joseph **PERRILLOUX**

v.

**E.I. DU PONT DE NEMOURS COMPANY.**

**Civ. A. No. 84–2642.**

United States District Court,
E.D. Louisiana.

Sept. 28, 1984.

Gordon Hackman, Boutte, La., for plaintiff.

Harry McCall, Jr., New Orleans, La., for defendant.

## ORDER AND REASONS

CHARLES SCHWARTZ, Jr., District Judge.

This matter came before the Court on the motion of plaintiff, Joseph Perrilloux, to remand. Following oral argument, the motion was taken under submission; considering the memoranda, the record and the law applicable to plaintiff's motion, the Court grants the motion for the following reasons.

This matter arose from an explosion and fire on July 12, 1983, at E.I. du Pont de Nemours Company's (du Pont's) Pontchartrain Works plant at Reserve, Louisiana. The plaintiff instituted litigation in the 29th Judicial District Court for the Parish of St. John the Baptist against defendants du Pont and Employers National Insurance Company (Employers). Plaintiff subsequently filed an amended petition against Employers. Although the pleading is somewhat ambiguous,[1] plaintiff apparently intended to assert a worker's compensation claim against Employers, as the compensation insurer of R.P.M., a Louisiana corpora-

tion and plaintiff's employer on the date of the incident in suit. After the amended petition had been filed, du Pont filed a petition for removal, pursuant to 28 U.S.C. § 1441, asserting that the Court had diversity jurisdiction over this matter[2].

Plaintiff contends that the removal was improper and that the Court is without jurisdiction over this matter. Plaintiff correctly points out that 28 U.S.C. § 1445(c) prohibits the removal of a worker's compensation claim from state court.[3] Defendant contends that the tort action against du Pont is a "separate and independent claim or cause of action" within the meaning of 28 U.S.C. § 1441(c)[4], and thus, was properly removed. Du Pont asserts that the Court has the discretion to retain jurisdiction over the entire matter or, in its discretion, may sever and remand the worker's compensation claim to state court.

The leading case on the interpretation of § 1441(c) is *American Fire & Casualty Company v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). In that case, the Supreme Court held that "separate cause of action" restricts removal more than the previous standard of a separate controversy. 341 U.S. at 12, 71 S.Ct. at 539. The Court further found that the word "independent" was intended to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal. *Id.* The following language is instructive:

"[W]e conclude that where there is *a single wrong to plaintiff for which relief is sought,* arising from an inter-

---

1. See attached, Appendix I.

2. Defendant, Employers, did not join in the petition for removal.

3. 28 U.S.C. § 1445(c) provides as follows:
   "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."

4. 28 U.S.C. § 1441(c) provides as follows:
   "Whenever a separate and independent claim or cause of action, which would be removable if sued upn alone, is joined with one or more

otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

When a separate and independent claim that is removable under Section 1441(c) is joined with other non-removable claims, only the defendants to the separate and independent claim need seek removal. Wright, Miller & Cooper, *Federal Practice and Procedure,* § 3731 at note 9.

locked series of transactions, there is no separate and independent claim or cause of action under 1441(c)." 341 U.S. at 14, 71 S.Ct. at 540 (emphasis added)

 To determine whether a claim is separate and independent, the Court should ascertain whether the plaintiff seeks to enforce a right which is unique to the plaintiff and whether the claim seeks to redress a single wrong that occurred to the plaintiff, apart from other wrongs that occurred. *Carpenter v. Illinois Central Gulf Railroad Co.*, 524 F.Supp. 249 (M.D. La.1981). We find that the tort action, arising out of the same occurrence as the worker's compensation claim, is not "separate and independent" as contemplated by § 1441(c). *Id.* In cases such as this, there is a single right to the plaintiff, specifically, the right of bodily safety, and a single wrongful invasion of that right. *See, American Fire & Casualty Company v. Finn*, 341 U.S. 6, 13–14, 71 S.Ct. 534, 539–540, 95 L.Ed. 702 (1951), citing *Baltimore, S.S. Co. v. Phillips*, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069 (1927). Since the removal was improvident and the Court is without jurisdiction to adjudicate the matter before it, this case must be remanded in its entirety. 28 U.S.C. § 1447(c).

Accordingly,

IT IS ORDERED that this matter be and it is hereby REMANDED to the state court for further proceedings.

### APPENDIX I

### FIRST AMENDED PETITION

Now comes Joseph Perrilloux, amending the initial petition be filed:

10.

On or about April 26, 1984 plaintiff received a "recommendation" dated April 24, 1984 from the OWCA, attached as Exhibit "A" and the names and addresses of the parties are set forth in that exhibit. The time, place, nature and cause of injury have been set forth in preceding paragraphs and plaintiff is entitled to seventy-five percent of his earnings to the maximum rate of two hundred and forty-five dollars per week.

As showed by the exhibit, informal resolution was impossible. Plaintiff had never earlier received the "recommendation" referred to in the certificate and plaintiff rejected the "recommendation".

WHEREFORE, PLAINTIFF PRAYS for judgment in his favor as set forth herein with interest and costs and for all equitable and general relief.