Robert M. HOLLIS

v.

HALTER MARINE, INC.

Civ. A. No. 84–2036.

United States District Court,
E.D. Louisiana.

Oct. 9, 1984.

C. John Caskey, Baton Rouge, La., for plaintiff.

Russell D. Pulver, Douglas B. Habig, New Orleans, La., for defendant.

### ORDER AND REASONS

CHARLES SCHWARTZ, Jr., District Judge.

This matter came before the Court on the motion of the plaintiff to remand. Following oral argument, and considering the memoranda, the record and the law applica-

ble to this case, the Court granted the plaintiff's motions for the reasons set forth below.

The plaintiff filed suit in the Civil District Court for the Parish of Orleans against his employer, Halter Marine, Inc. (Halter Marine), for personal injuries which he allegedly sustained in the course of his employment. In his petition for damages, the plaintiff contends that he was a seaman on the date of the alleged accident, and asserts causes of action under the Jones Act, 46 U.S.C. § 688, and under the general maritime law for unseaworthiness of the vessel allegedly involved in the incident. The defendant filed a petition for removal pursuant to 28 U.S.C. § 1441(c).

The plaintiff contends that the removal was improper and that the Court is without jurisdiction over this matter. The plaintiff correctly points out that suits under the Jones Act are nonremovable. *Preston v. Grant Advertising, Inc.*, 375 F.2d 439 (5th Cir.1967). The propriety of removal is determined by examining the plaintiff's pleadings as they stand at the time the petition for removal is filed. *In re Carter*, 618 F.2d 1093 (5th Cir.1980). In the absence of any issue of a fraudulent attempt to evade removal, the court determining whether a cause of action under the Jones Act has been alleged is limited to a review of the plaintiff's pleadings. *Preston v. Grant Advertising, Inc.*, supra.

The defendant contends that this Court should look beyond the allegations of the plaintiff's complaint to find that he is not a seaman and to recognize plaintiff's cause of action as one under § 905(b) of the Longshoremen's and Harbor Workers' Compensation Act.[1] Yet, the defendant has not asserted that seaman status has been alleged in a fraudulent attempt to evade removal. Indeed, at oral argument, counsel for the plaintiff sufficiently demonstrated that there is a reasonable basis for the allegation of seaman status in the in-

---

1. In support of the contention that plaintiff is not a seaman defendant submits the affidavit of Halter Marine's yard manager, which describes plaintiff's duties.

stant case. Defendant's contentions in this regard are without merit.

■ Additionally, the defendant contends that a claim for maintenance and cure is implicit in plaintiff's pleading, and that this claim is "separate and independent" within the meaning of 28 U.S.C. § 1441(c).[2] The plaintiff denies that he is asserting a claim for maintenance and cure. The Court does not read plaintiff's complaint as including such a claim. In any event, a claim for maintenance and cure is not separate and independent, as contemplated by § 1441(c), from plaintiff's claims under the Jones Act and general maritime law. The leading case on the interpretation of § 1441(c) is *American Fire & Casualty Company v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), in which the Supreme Court concluded that

> where there is *a single wrong to plaintiff* for which relief is sought, arising from an interlocked series of transactions there is no separate and independent claim or cause of action under 1441(c). 341 U.S. at 14, 71 S.Ct. at 540 (Emphasis supplied.)

To determine whether a claim is separate and independent, the Court should ascertain whether the plaintiff seeks to enforce a right which is unique to the plaintiff and whether the claim seeks to redress a single wrong that occurred to the plaintiff, apart from other wrongs that occurred. *Carpenter v. Illinois Central Gulf Railroad Co.*, 524 F.Supp. 249 (M.D.La.1981). The Fifth Circuit has determined that an unseaworthiness claim is not separate and independent from a Jones Act claim for purposes of removal under § 1441(c). *Pate v. Standard Dredging Corp.*, 193 F.2d 498 (5th Cir.1952). Likewise, we find that the maintenance and cure claim is not "separate and independent," as contemplated by

§ 1441(c), from a Jones Act claim arising out of the same occurrence.[3] In cases such as this, there is a single right to the plaintiff, specifically, the right of bodily safety, and a single wrongful invasion of that right. See, *American Fire & Casualty Company v. Finn*, 71 S.Ct. 534, 539–540, 341 U.S. 6, 13–14, 95 L.Ed. 702 (1951), citing *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069 (1927). Since the removal was improvident and the Court is without jurisdiction to adjudicate the matter before it, this case must be remanded in its entirety. 28 U.S.C. § 1447(c).

Accordingly, it is ordered that this matter be and it is hereby remanded to the state court for further proceedings.

---

**2.** 28 U.S.C. § 1441(c) provides as follows:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of act, the entire case may be removed and the district court may determine all issues therein,

or in its discretion, may remand all matters not otherwise within its original jurisdiction.

**3.** This Court recently held that a tort action is not separate and independent from a worker's compensation claim arising out of the same occurrence. *Perrilloux v. E.I. duPont deNemours Company*, 593 F.Supp. 393 (E.D.La.1984.)