Camille **TULLIER**

v.

**CHRYSLER MOTORS CORPORATION.**

**Civ. A. No. 89–657–B.**

United States District Court,
M.D. Louisiana.

Feb. 22, 1990.

Victor L. Marcello, Talbot, Sotile, Carmouche, Marchand & Marcello, Donaldsonville, La., for plaintiff Tullier.

Ernest P. Gieger, Jr., McGlinchey, Stafford, Mintz, Celini & Lang, New Orleans, La., for defendant Chrysler.

RULING ON PLAINTIFF'S
MOTION TO REMAND

POLOZOLA, District Judge.

Camille Tullier filed this suit in the 23rd Judicial District Court in Ascension Parish on July 27, 1989 to recover damages for

injuries sustained when plaintiff attempted to avoid another vehicle and struck a tree. She now seeks recovery from Chrysler Motors Corporation (Chrysler) and C.J.'s Auto Consignment (C.J.'s), the car manufacturer and retailer, respectively, claiming that the seat belt in the car was defective. Chrysler removed this action to this Court on August 31, 1989. Plaintiff now claims that the removal was improper and filed this motion to remand the case to state court.

Chrysler contends that jurisdiction in this court is proper pursuant to 28 U.S.C. § 1441(c). This provision provides:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

A review of the record reveals that plaintiff is a citizen of Louisiana. Chrysler is a citizen of Delaware and Michigan, and C.J.'s is a citizen of Louisiana. Thus, it is clear that on the face of the complaint, there is no complete diversity as required by 28 U.S.C. § 1332. To support its claim that the court has subject matter jurisdiction, Chrysler contends that the plaintiff's claims against Chrysler and C.J.'s are separate and independent causes of action within the meaning of 28 U.S.C. § 1441. The test to apply in determining whether plaintiff asserts a separate and independent claim against Chrysler is set forth in *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951) wherein the Court concluded:

> where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).

The Court in *Finn* concluded that plaintiff's claim involved a single wrong arising from a single incident involving substantially the same facts and transactions.

This court followed *American Fire & Casualty Co. v. Finn, supra*, in *Carpenter v. Illinois Central Gulf Railroad*, 524 F.Supp. 249 (M.D.La.1981), a case very similar to that now before the court. In *Carpenter*, the plaintiff alleged he was entitled to recover against non-diverse and diverse defendants under strict liability, negligence or pursuant to the liability and uninsured provisions of an insurance policy. In concluding that plaintiff's claims in *Carpenter* were based on a single cause of action, this court stated:

> The fact that the claim against Illinois Central is tortious and the one against Trinity is contractual does not make these separate claims. The plaintiff has one claim for injuries arising out of one car accident against two defendants. His claim is not separate and independent within the meaning of § 1441(c).

See also *Addison v. Gulf Coast Contracting Services, Inc.*, 744 F.2d 494 (5th Cir. 1984); *Estate of Morales v. New Orleans Gulf Harbor Services, Inc.*, 703 F.Supp. 501 (M.D.La.1989).[1]

Ms. Tullier's claim for damages is asserted against two defendants but arises out of a single automobile accident. She claims that the seat belt didn't properly secure her in the car which caused her injuries. That plaintiff is seeking recovery from two defendants on grounds that they are liable under legal theories of products liability, tort, or redhibition does not cause this suit to be a separate and independent claim against Chrysler. These various legal theories of recovery all arise from plaintiff's claim that she was injured in an automobile accident. As in *Carpenter*, the fact that one claim is asserted under products liabili-

---

**1.** In *Addison v. Gulf Coast Contracting Services, Inc.*, 744 F.2d 494, plaintiff's suit for damages alleging Jones Act negligence and maintenance and cure involved the same facts in a single occurrence and was deemed not separate and independent. *In Estate of Morales v. New Or-*

*leans Gulf Harbor Service, Inc.*, 703 F.Supp. 501, plaintiff's claims of unseaworthiness of a vessel and negligence were not separate and independent although one was an in rem action and the other was personal.

ty and the other is under redhibition does not make these claims separate and independent claims within the meaning of § 1441(c). "A pleading which alleges but one wrong for which singular relief is sought, cannot constitute a separate and independent claim, no matter how many different defendants are said to be liable therefor, or how diverse their basis of liability."[2] The claim asserted by Ms. Tullier under the facts of this case is a single wrong arising from a one car accident against two defendants and does not involve two separate and independent claims within the meaning of 28 U.S.C. § 1441(c).

Therefore, the court finds that plaintiff's motion to remand must be GRANTED and this case shall be remanded to the 23rd Judicial District Court for Ascension Parish, Louisiana.

Judgment shall be entered accordingly.

---

**2.** *Carpenter v. Illinois Central*, 524 F.Supp. 249, 254 (M.D.La.1981), quoting *Calhoun v. Calhoun*, 482 F.Supp. 347, 350 (E.D.Okla.1978).