**H.F. VEGTER EXCAVATION CO., an Illinois corporation, Plaintiff,**

v.

**VILLAGE OF OAK BROOK, an Illinois municipality, Marino Construction Company, a Wisconsin corporation, and Wausau Insurance, a Wisconsin corp., Defendants.**

**VILLAGE OF OAK BROOK for the Use and Benefit of H.F. VEGTER EXCAVATING CO., an Illinois corporation, Plaintiff,**

v.

**WAUSAU INSURANCE, a Wisconsin corp., Defendant.**

No. 92 C 0324.

United States District Court, N.D. Illinois, E.D.

March 26, 1992.

---

William D. Lyman, Bedrava, Lyman & Van Epps, Oak Brook, Ill., for plaintiff.

Charles Jeffrey Thut, Hall, Holmberg, Roach, Johnston & Fischer, Waukegan, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff H.F. Vegter Excavating Co. ("Vegter") has filed a motion for remand to the Circuit Court for the Eighteenth Judicial Circuit, DuPage County, Illinois. For the reasons set forth below, we grant the motion.

### I.

Defendant Marino Construction Co. ("Marino") was the contractor on a construction project known as the "Site 'B' Pump Station and Reservoir," located within the village limits of defendant Village of Oak Brook, Illinois ("Oak Brook"). Vegter was a subcontractor providing certain excavation services on the project. Defendant Employers Insurance of Wausau ("Wausau") was a surety for Marino. Wausau and Marino timely removed this suit from state court on January 15, 1992.

Vegter is an Illinois corporation. Marino is a Wisconsin corporation, as is Wausau, but Oak Brook—Oak Brook, Illinois—is certainly an Illinois "citizen" for diversity purposes. Given those circumstances, Vegter maintains that complete diversity, *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806) (requiring that all

plaintiffs and all defendants must be diverse for jurisdiction to exist under federal law), is not present here, and asks that we send this case back to state court. Vegter also seeks reimbursement of costs and attorneys' fees incurred as a result of the allegedly improvident removal.

## II.

■ Marino and Wausau contend that Oak Brook is merely a nominal party and that its citizenship cannot be used to defeat removal. Generally speaking, all defendants must join in a removal petition; "nominal parties, however, are disregarded for removal purposes and need not join in the petition." *Northern Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 272 (7th Cir.1982); *Ryan v. State Bd. of Elections*, 661 F.2d 1130, 1134 (7th Cir.1981). Thus, the absence from a removal petition of a nominal party or a fraudulently joined party need not defeat removal. *See Romashko v. Avco Corp.*, 553 F.Supp. 391, 392 (N.D.Ill.1983); *Hess v. Great Atl. & Pac. Tea Co.*, 520 F.Supp. 373, 375 (N.D.Ill. 1981).

■ The issues that arise out of the "ins" and "outs" of removal procedure (for instance, who does and does not have to sign the removal petition) are distinct, however, from issues at the heart of diversity jurisdiction. Marino and Wausau cite two cases for the proposition that the presence of a non-diverse nominal party will not prevent removal on diversity grounds. *See Davidson v. Montana–Dakota Power Co.*, 22 F.2d 688, 688 (D.N.D.1927); *Carpenter v. Illinois C.G.R.R.*, 524 F.Supp. 249, 253 (M.D.La.1981). Conspicuously absent, however, is any citation to a Seventh Circuit case with a similar result, which is perhaps not surprising given this circuit's general wont to follow Supreme Court precedent. *See, e.g., Poulos v. Naas Foods, Inc.*, 959 F.2d 69 (7th Cir.1992) ("we have traditionally interpreted our diversity jurisdiction narrowly. An example of our strict construction of our jurisdictional statutes is the complete diversity rule of *Strawbridge v. Curtiss*"); *Bagdon v. Bridgestone/Firestone, Inc.*, 916 F.2d 379,

381 (7th Cir.1990) (presence of unsued store-corporation "would destroy the complete diversity of citizenship that since *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), has been essential to [diversity] jurisdiction", *cert. denied,* —— U.S. ——, 111 S.Ct. 2257, 114 L.Ed.2d 710 (1991)).

Further, *Davidson* and *Carpenter* are not as helpful to Marino and Wausau as they might hope. The interest of the non-diverse, nominal party defendant in *Davidson* was found to be insufficient to prevent removal. *Davidson*, 22 F.2d at 688. Here, Oak Brook contracted with Marino which, in turn, contracted with Vegter. Because Vegter claims over $84,000 is owed it by Marino for "extras," Marino may well seek to defer those extra costs to Oak Brook. As a result, Oak Brook has—in this aspect, as well as others (see *infra*)—a "substantial economic interest in this litigation." *Murphy v. Towmotor Corp.*, 642 F.Supp. 22, 24 (N.D.Ill.1985). Finally, unlike the nominal party in *Carpenter*, it is clear that Oak Brook was not added as a party "solely for the purposes of defeating diversity." *Carpenter*, 524 F.Supp. at 252.

■ Marino and Wausau also claim that because Vegter can only recover on its Public Funds Lien Act count (Count II) from either Marino or Wausau, and not Oak Brook (the defendant named in Count II), Oak Brook must truly be a nominal party. "A municipal corporation," they maintain, "is not a necessary party in a law suit which seeks the relief sought by Plaintiff, VEGTER, *in stanter* [sic]. *Northwest Water Comm'n v. [Carlo V.] Santucci [Inc.]*, 162 Ill.App.3d 877, 114 Ill.Dec. 132, 516 N.E.2d 287 (1st Dist.1987)." Response at 6. *Santucci*, however, merely points out that while "the inclusion of the public body as a party defendant in a subcontractor's complaint for an accounting is not a necessary prerequisite to the trial court's power to adjudicate the subcontractor's rights *vis-a-vis* the public body," naming the public body (even in a second separate lawsuit) is not " '*unauthorized* ' ", particularly where the public body " 'has a continuing interest in the funds which have

been liened and this interest will not end until the funds are distributed in accordance with the outcome of the litigation.'" *Santucci*, 162 Ill.App.3d at 889–90, 114 Ill. Dec. at 141, 516 N.E.2d at 296 (emphasis added) (quoting *Consolidated Constr. Co. v. Malan Constr. Corp.*, 42 Ill.App.2d 272, 279, 192 N.E.2d 263, 267 (1st Dist.1963)).

■ In their removal petition, Marino and Wausau assert that one reason federal jurisdiction is proper here is "[t]hat there is [sic] currently pending in the United States District Court for the Northern District of Illinois, Eastern Division, two consolidated lawsuits involving a subcontractor claiming a lien on this identical construction project styled *Preload, Inc. vs. MARINO CONSTRUCTION COMPANY, INC.*, 91 C 0999, and *Preload, Inc. vs. EMPLOYERS INSURANCE OF WAUSAU*, 91 C 0998." Removal Petition at 4. Those cases are irrelevant to the instant diversity jurisdiction question, though, because in both *Preload* actions the plaintiff is a New York corporation. Thus, in case number 91 C 999, federal jurisdiction is properly founded on diversity where a New York plaintiff, Preload, sues Marino (a Wisconsin citizen) and Oak Brook (an Illinois citizen).

The Preload litigation not only underscores the continued vitality of *Strawbridge v. Curtiss, supra*, but also Oak Brook's very real interest in this matter. In case number 91 C 999, for example, District Court Judge Charles P. Kocoras entered an order permitting Oak Brook to pay Preload directly, without funneling the money through Marino first. Furthermore, prior to the entry of that order, Marino filed a crossclaim against Oak Brook.

Given Oak Brook's real interest in these proceedings, and the efficiencies (of many sorts) possible with its inclusion, it certainly cannot properly be thought of as a nominal party such that we may ignore its citizenship and party status and assume diversity jurisdiction. Accordingly, we grant Vegter's motion to remand this case to the Circuit Court for the Eighteenth Judicial Circuit in DuPage County.

## III.

■ Vegter also seeks costs and fees associated with having to deal with the improvident removal by Marino and Wausau. It is clear that the 1988 amendment to 28 U.S.C. § 1447(c), which provides in pertinent part that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded," and that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal," actually expands our authority to award just costs and fees following improper removal. *M.D.C. Wallcoverings v. State Bank of Woodstock*, 771 F.Supp. 242, 244 (N.D.Ill.1991).

It is a fundamental federal jurisdiction proposition that diversity requires complete diversity. With minimal research, and given their experiences with Oak Brook in litigation arising out of the same construction project, Marino and Wausau could easily have determined that removal was clearly improper. Accordingly, we direct Vegter's attorneys to file an affidavit setting forth in detail their costs and fees, including attorneys' fees, incurred as a result of the removal. We will fix the appropriate award after reviewing the affidavit(s).

## IV.

Vegter's motion for remand is granted, as set forth above. Additionally, its request for fees and costs is granted as well, with the amount to be set upon review of affidavits to be filed by Vegter's attorneys. It is so ordered.