## VON HERBERG v. CITY OF SEATTLE et al.

Circuit Court of Appeals, Ninth Circuit.
July 16, 1928.

Rehearing Denied August 20, 1928.

No. 5445.

1. **Courts ⊂⟼307(1), 309, 310—Federal courts have jurisdiction, if citizenship of plaintiffs and defendants is diverse, and jurisdiction is not defeated by joining formal or unnecessary parties.**

District Courts of United States have original jurisdiction, if all parties on one side are of citizenship diverse to those on the other side, and jurisdiction cannot be defeated by joining formal or unnecessary parties.

2. **Removal of causes ⊂⟼47—Right of removal depends on case disclosed by pleadings when petition for removal is filed.**

Right to remove cause to federal court depends on case developed by pleadings when petition for removal is filed.

3. **Removal of causes ⊂⟼31—Citizenship of defendant, who is not indispensable party to controversy, does not affect removal.**

Right to remove cause to federal court is not affected by fact that one of defendants is a citizen of the same state as the plaintiff, if that defendant is not an indispensable party to the controversy between plaintiff and another defendant residing in different state.

4. **Removal of causes ⊂⟼38—Resident warrant holder's suit against city to restrain payment of street railway funds to bondholders, in which city interpleaded foreign corporation holding bonds, held not removable.**

In suit by resident warrant holder against city to restrain payment of principal or interest on bonds issued for purchase of street railway system prior to payment of warrants, in which city filed bill of interpleader, joining foreign corporation as holder of bonds, foreign corporation was not entitled to removal to federal court on ground of diversity of citizenship, where city did not withdraw from the suit; city being necessary party to any suit for annulment of contract between it and power company.

5. **Removal of causes ⊂⟼31—City and power company, contracting for city's payment of bonds from operating revenues of street railway system, were necessary parties in suit by warrant holder to annul contract and restrain payments thereunder.**

In suit by resident warrant holder against city to annul contract between city and power company for city's payment of bonds from funds derived from operation of street railway system, and to restrain payments thereunder, both city and power company were necessary parties, as respects right of power company to removal.

6. **Removal of causes ⊂⟼38—City, which asserted right to pay proceeds of operation of street railway to bondholder on filing interpleader in suit by holder of warrants, was not mere stakeholder, as respects question of removal.**

In resident warrant holder's suit against city to annul city's contract with power company, and to restrain payment of revenues from street railway system to power company as bondholder, city, asserting right to carry out contract, was not mere stakeholder as respects right of power company, joined on city's interpleader, to removal.

7. **Cancellation of instruments ⊂⟼25—Right of third person to proceed against party to contract is not lost by acts of contracting parties.**

If party assailing validity of contract between third parties has lawful right to proceed against one of parties to contract, right is not lost by any act of the party sued, or of other party to the contract.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Frank S. Dietrich, Judge.

Suit by J. G. Von Herberg against the City of Seattle and others, in which the city filed a cross-complaint and bill of interpleader, joining the Puget Sound Power & Light Company. A petition for removal was granted, motion to remand was denied, and from a decree of dismissal, entered on final hearing, plaintiff appeals. Reversed and remanded, with instructions.

See, also, 18 F.(2d) 57; 20 F.(2d) 247.

R. P. Oldham, D. G. Eggerman, and Jay C. Allen, all of Seattle, Wash., for appellant.

Thomas J. L. Kennedy, Corp. Counsel, and Arthur Schramm, Jr., Asst. Corp. Counsel, both of Seattle, Wash., for appellees city of Seattle and others.

James B. Howe, Edgar L. Crider, and Emory E. Hess, all of Seattle, Wash., for appellee Puget Sound Power & Light Co.

Otto B. Rupp, of Seattle, Wash., for certain taxpayers.

Before GILBERT, RUDKIN, and HUNT, Circuit Judges.

RUDKIN, Circuit Judge. The present suit was instituted against the city of Seattle, its treasurer and comptroller, by one Von Herberg, as bondholder, taxpayer, and warrant holder, to restrain the city and its officers, first, from using the funds of other utilities for the operating expenses and maintenance charges of the municipal street railway system; second, from using the general funds of the city in payment of such operating expenses and maintenance charges; and, third, from making any payments of principal or interest on the bonds theretofore issued for the purchase of the street railway system, and from removing from the city railway fund any money or credits until all warrants theretofore issued, or hereafter to be issued, payable out of such fund,

27 F.(2d)—29½

for the operation and maintenance of the street railway system, have been paid in full, and directing the city and its officers to pay into the street railway fund all gross revenues of the street railway system until all such warrants have been paid. For reasons hereafter appearing, we are now only concerned with so much of the relief sought as relates to the question of priority between warrants issued for operating expenses of the railway system and bonds issued by the city in payment of the purchase price.

The ordinance authorizing the acquisition of the system and the issuance of bonds in payment of the purchase price provided that there should be created and established a special fund, to be known as the "municipal street railway bond fund," and the city obligated itself to pay into such fund out of the gross revenues of the municipal railway system a sum equal to the semiannual installments of interest upon all such bonds then outstanding and unpaid, and annually on or before the 1st day of March, beginning with March 1, 1922, and to and including March 1, 1938, the additional sum of $833,000, and on or before the 1st day of March, 1939, the additional sum of $839,000, for the payment of the principal of such bonds, at which time all of such bonds, with interest, will be fully paid; that such funds shall be drawn upon for the sole purpose of paying the principal and interest of the bonds from and after the date of such bonds, and so long as obligations are outstanding against such fund; that the city treasurer will semiannually, one calendar month prior to the date upon which any interest or principal shall become due, set aside and pay into such fund from the gross revenue of the entire municipal street railway system the several amounts above set forth, until all of such bonds, with interest thereon, are fully paid, and such fixed amounts out of such gross revenue were pledged to such semiannual payments of interest and such annual payments of principal, and constituted a charge upon such gross revenue superior to all charges whatsoever, including charges for maintenance and operation, save and except certain charges not deemed material here. The bonds issued pursuant to the ordinance contained similar recitals.

The plaintiff, Von Herberg, was the owner of certain warrants issued by the city for operating expenses of the street railway system; and claimed that his rights as holder of such warrants were superior to the rights of the bondholder. The purpose of the suit, so far as this branch of the case is concerned, was to restrain the city from carrying out its agreement with the bondholder, and from paying into the municipal street railway bond fund the amounts agreed to be so paid under the terms of the ordinance and the terms of the bonds issued pursuant thereto.

The complaint contained other averments as to the insolvency of the street railway system, depreciation of its properties, and decrease in its revenues; but these averments are not deemed material at this time. The city appeared in the suit, and filed an answer and cross-complaint and bill of interpleader. The answer denied nearly all the material allegations of the complaint, except the averments relating to the obligations assumed by the city under the provisions of the ordinance and bonds, as above set forth. The cross-complaint and bill of interpleader set forth the provisions of the ordinance relating to the purchase of the street railway system by the city and the issuance of the bonds in payment of the purchase price, as set forth in the complaint, and it was then averred that, pursuant to the obligations imposed by the ordinance, the city had transferred from the gross revenues of the municipal street railway system to the municipal street railway bond fund the sum of $1,145,665; that this amount was the full amount due on March 1, 1927, for principal and interest on the outstanding bonds issued pursuant to the ordinance, all of which bonds were owned by the Puget Sound Power & Light Company; that the plaintiff, Von Herberg, had purchased certain warrants payable from the street railway fund for operating expenses, aggregating in amount upwards of $100,000, and had made demand upon the city that the money so transferred into the municipal street railway bond fund be applied to the payment of his and other outstanding warrants theretofore issued for operating and maintenance cost of the municipal railway system; that the Puget Sound Power & Light Company had demanded that said money so transferred into the said fund be paid to it, to apply on bond interest and principal, under the terms of the ordinance; that each of the parties claimed to be the owner of or entitled to an interest in, or to have a lien upon, the sum so transferred to the municipal street railway bond fund; that the defendants disclaimed any interest or title in such money and said sum so held in said fund, but held the same in said fund inviolable for the purposes specified in the ordinance, unless otherwise ordered by the court; that all the outstanding bonds issued under the ordinance and

owned by the Puget Sound Power & Light Company are subject to payment, both as to interest and principal, at the fiscal agency of the state of Washington in the city of New York, and, under the terms of the state fiscal agency law, such money in said fund must be transmitted by wire to the agency not later than February 16, 1927, and would be so transmitted unless otherwise ordered by lawful and jurisdictional decree; and that it was necessary that a show cause order be directed to Von Herberg and the Puget Sound Power & Light Company, in order that the respective rights of said parties to said fund might be determined by the court prior to that date. The prayer of the cross-complaint and bill of interpleader was that an order be issued, directing Von Herberg to show cause why the money in the municipal street railway bond fund should not be transmitted to the fiscal agency of the state of Washington in the city of New York, as provided by law, and directing the Puget Sound Power & Light Company to show cause why the money in the fund should not be applied on the warrants held by Von Herberg; that Von Herberg take nothing by his amended complaint, and that the same be dismissed; that the defendants have and recover their costs; that Von Herberg and the Puget Sound Power & Light Company be each restrained from further proceeding against the defendants in relation to the fund above set forth; that the parties be required to interplead concerning their claims to the same; that the defendants be discharged from all liability to any of the parties in relation thereto; that, in case said parties failed to answer the said cross-complaint and bill of interpleader, the court adjudge such party or parties so failing to answer to have no interest in the fund, and for general relief. Upon this cross-complaint a summons issued, directed to Von Herberg and to the Puget Sound Power & Light Company.

After service of the summons the Puget Sound Power & Light Company made application for a removal into the District Court of the United States for the Western District of Washington upon the ground that there were involved in the suit three separable controversies, one wholly between the plaintiff, Von Herberg, and the city of Seattle and its officers, to prevent the funds of utilities other than the street railway property from being diverted from such utilities, another wholly between Von Herberg and the city and its officers, to prevent the use of general funds of the city for the payment of operating expenses and maintenance

of the street railway system, and a third wholly between Von Herberg and the petitioner, wherein Von Herberg was seeking to have his warrants declared superior to the bonds held by the petitioner; the petitioner averring that the bonds and interest thereon were superior to the warrants of Von Herberg, and that his claims were vexatious, fictitious, and constitute a cloud upon the petitioner's title to the gross revenues and its lien thereon; that the city and its codefendants had disclaimed all interest in such controversy between Von Herberg and the petitioner, asserting that they had no interest in said funds, and that the city was a mere stakeholder. The petition for removal was granted, a motion to remand was denied, and upon final hearing the amended bill of complaint in the original suit was dismissed. From the decree thus entered this appeal is prosecuted.

[1-3] One of the principal assignments of error, and the only one we deem it necessary to consider, is based on the refusal of the District Court to grant the motion to remand. As already stated, the petition for removal was based on a separable controversy and a diversity of citizenship; the plaintiff in the original suit being a citizen of the state of Washington, and the petitioner for removal a citizen of the state of Massachusetts. It is well settled, of course, that the District Courts of the United States have original jurisdiction, if all the parties on one side are of citizenship diverse to those on the other side, and jurisdiction cannot be defeated by joining formal or unnecessary parties. It is also well settled that the right of removal depends upon the case disclosed by the pleadings when the petition for removal is filed, and that the right is not affected by the fact that one of the defendants is a citizen of the same state as the plaintiff, if that particular defendant be not an indispensable party to the controversy between the plaintiff and another defendant, who are citizens of different states. Salem Co. v. Manufacturers' Co., 264 U. S. 182–189, 44 S. Ct. 266, 68 L. Ed. 628, 31 A. L. R. 867. The term "necessary parties" has been defined as: "Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." Niles-Bement Co. v. Iron Moulders' Union, 254 U. S. 77, 41 S. Ct. 39, 65 L. Ed. 145.

As heretofore stated, the right of removal

depends on the case disclosed by the pleadings when the petition for removal is filed, and the case here disclosed by the pleadings at that time was this: There was on file in the state court the amended bill of complaint in the original suit, to which the petitioner for removal was not a party, the answer to the amended bill of complaint by the city and its officers, and the bill of interpleader filed by the city and its officers, in which the plaintiff in the original suit and the petitioner for removal were named as defendants. At the time the petition for removal was filed, therefore, the sole connection of the petitioner for removal with the case was based upon the fact that it was named as a defendant in the bill of interpleader. The plaintiffs in that bill were citizens of the state of Washington, the plaintiff in the original suit, named as defendant in the bill of interpleader, was a citizen of the state of Washington, and the petitioner itself was a citizen of the state of Massachusetts. What, if any, right of removal existed at that stage of the proceedings? The plaintiffs in the bill of interpleader were necessary and indispensable parties to that bill—in fact, they were the only parties thereto—and the two defendants were necessary and indispensable parties, because two defendants are as necessary to a bill of interpleader as to a charge of conspiracy. That the city and its officers were necessary parties to the original suit does not admit of question, because they were the only parties thereto, and they could not withdraw from the suit and substitute some one else in their place without leave of the court in which the suit was pending. Indeed, it would seem that they never did withdraw from the case, because they filed an amended pleading several months after the removal was granted, participated in the trial to its close, and are now here on appeal.

In George v. Pilcher, 28 Grat. (Va.) 299, 26 Am. Rep. 350, certain defendants named in a bill of interpleader sought to remove the case to the federal court on the ground of diversity of citizenship, and in denying the right of removal the court said:

"This would seem to be conclusive against the petitioners in the case before us. The plaintiff, Pilcher, is a resident of this state, and all of the defendants are not nonresidents, and all did not join in the petition.

"But it was argued at the bar on behalf of the petitioners (the appellants here) that, while the suit is in the name of Pilcher as plaintiff, against all the other parties as defendants, yet Pilcher is a nominal plaintiff, and that the suit is really and substantially a controversy between the petitioners on the one side, all of whom are nonresidents, and the other defendants on the other side; and the case must be considered as if it were a suit by the petitioners against the other defendants, or vice versa, and that, if it does not come within the letter, it is at least within the spirit, of the act of 1867.

"This argument is plausible, but not sound. It is true that in a bill of interpleader proper the plaintiff claims nothing adversely to the defendants, and admitting that he owes a debt, or duty, or other thing, which is claimed from him by two or more persons by different or separate interests, and that he is ready to render it, but not knowing which of the claimants has the better right, to save himself from injury, he prays that the claimants may be required to interplead and state their claims, and that the court may adjudge to whom the debt, duty, or other thing, belongs. Story's Eq. Plead. § 291.

"When the case is matured, if the defendants do not deny the statements of the bill, the ordinary decree is that the defendants do interplead; and the plaintiff withdraws from the suit. Story's Eq. Plead. § 297.

"But he cannot 'withdraw from the suit,' we apprehend, until he has fully rendered the debt, duty, or other thing, required of him. Pilcher was ordered, by the decree directing the interpleader, to deposit in bank the amount of rents then due, and afterwards *'from time to time'* to deposit the accruing rents when due; and the like order was made as to other tenants. So that, when the petition for removal was filed, Pilcher was still a necessary party to the suit, and continued to be so; and it does not appear that any order was ever made allowing his withdrawal from the suit."

Such was the case here, because the city and its officers apparently never did withdraw from the suit. A similar question arose in Mutual Life Insurance Co. v. Allen, 134 Mass. 389, and the court said:

"This suit is of such a nature that a separation of it into two parts necessarily destroys it. The plaintiff cannot maintain a bill of interpleader against one defendant in either court. Whether one citizen of Massachusetts shall be compelled to interplead with another citizen of that state is a controversy which cannot be maintained as to one of the defendants without determining it as to the other."

[4, 5] By their bill of interpleader the city and its officers prayed that the two defendants named in the bill be required to inter-

plead; that the city and its officers be discharged from all liability to any of the parties to the suit; that the defendants named in the bill be restrained from further proceeding against the city and its officers in relation to the fund in controversy, and for other relief. But until this relief was granted, and apparently it never was, the city and its officers remained parties to the original suit, and their presence was necessary, if not indispensable, to a final determination of that suit. Viewed simply as a defendant in the bill of interpleader, the power company had therefore no right of removal; and, if viewed as a party defendant in the principal suit, its position is no stronger. The object of that suit was the annulment of a contract between the city and the power company, and on principle and authority it would seem that both contracting parties were necessary parties to any suit having that object in view. The city would not be bound by decree upholding the validity, or declaring the invalidity, of its contract, unless it was made a party to the suit, and for the like reason the power company should not be bound. Lee v. Independent School District, 149 Iowa, 345, 128 N. W. 533, 37 L. R. A. (N. S.) 383; City of Detroit v. Detroit Ry., 134 Mich. 11, 95 N. W. 992, 99 N. W. 411, 104 Am. St. Rep. 600; Morrill v. Smith County (Tex. Civ. App.) 33 S. W. 899; Town of Lyons v. Cooledge, 89 Ill. 529; Mail v. Maxwell, 107 Ill. 554; A., T. & S. F. R. Co. v. County of Jefferson, 12 Kan. 127; New Jersey Central R. Co. v. Mills, 113 U. S. 249, 5 S. Ct. 456, 28 L. Ed. 949; East Tennessee, etc., R. Co. v. Grayson, 119 U. S. 240, 7 S. Ct. 190, 30 L. Ed. 382; Russell v. Wakefield Waterworks Co., L. R. 20 Eq. Cas. 474.

Apparently both the plaintiff in the original suit and the power company took a different view of this question, the former by proceeding against the city alone, and the latter by asserting a right to proceed without the city. But in either view the result would be the same, because the suit to annul the contract, whether brought against one or the other of the contracting parties, or against both, presented but a single issue, and there was in the nature of things no separable controversy as to each party. "Neither is there a separate controversy in the case between the complainant and the East Tennessee, Virginia & Georgia Company. The principal purpose of the suit is to set aside the lease for want of authority to make it. For that purpose both the lessor and lessee are necessary parties." East Tennessee, etc., R. R. v. Grayson, supra. See, also, New Jersey Central R. Co. v. Mills, supra.

[6, 7] Nor can we agree with the contention that the city was a mere stakeholder. In the first place, it aligned itself with the power company, and asserted that it would carry out its contract with that company, unless restrained from so doing by decree of a court of competent jurisdiction. Such an attitude was utterly inconsistent with the position of a mere stakeholder, who must stand utterly indifferent between the parties. Wells Fargo & Co. v. Miner (C. C.) 25 F. 533. Furthermore, the object of the suit was the annulment of an important contract to which the city was a party and the control and disposition of public funds in its possession and under its control. In Wilson v. Oswego Township, 151 U. S. 56, 14 S. Ct. 259, 38 L. Ed. 70, and Mass. etc., Construction Co. v. Cane Creek, 155 U. S. 283, 15 S. Ct. 91, 39 L. Ed. 152, it was held that a bailee or trustee in possession of bonds, or other property, was a necessary and indispensable party to a suit affecting the possession, and the position of the city in this case was in our opinion even stronger.

Salem Co. v. Manufacturers' Co., supra, is not to the contrary. There two assignees of the same debt agreed among themselves to deposit the fund with a trust company in a special account in the name of one of them, until it was thereafter agreed between them, or found by a court of competent jurisdiction, which party was entitled to the fund. Under such circumstances it was held that neither assignee had any right of action against the trust company until the title to the fund was determined, by agreement or by the decree of a court of competent jurisdiction. Of course, if neither party had a right of action against the trust company, the trust company was neither a necessary nor an indispensable party to a suit to determine title to the fund. Again, if we assume that a party assailing the validity of a contract between third parties has a lawful right to proceed against one of the parties to the contract he cannot be compelled to forego that right by any act of the party sued or by any act of the other contracting party.

For the foregoing reasons, we are of opinion that the court below acquired no jurisdiction by the removal, and the decree is accordingly reversed, and the cause is remanded, with instructions to remand the case to the state court.