**Hugh M. MATCHETT, Plaintiff-Appellant,**

v.

**Ruth A. WOLD, Defendant-Appellee.**

No. 86–1345.

United States Court of Appeals, Seventh Circuit.

Submitted March 20, 1987.

Decided May 4, 1987.

Hugh M. Matchett, Chicago, Ill., for plaintiff-appellant.

Ruth A. Wold, pro se.

Before BAUER, Chief Judge, and POSNER and EASTERBROOK, Circuit Judges.

POSNER, Circuit Judge.

This suit was dismissed for want of complete diversity of citizenship (citizens of the same state must not appear on both sides of the lawsuit, *Fidelity & Deposit Co. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir.1983)), and the plaintiff, Matchett, has appealed. A citizen of Illinois, he sued his former client, Wold, a Wisconsin citizen, in a federal district court in Illinois, seeking to recover fees for legal work that he had allegedly performed for her in several lawsuits, and basing federal jurisdiction on diversity. 28 U.S.C. § 1332. He filed an amended complaint which named as additional defendants all the defendants in the suits that he had brought on Mrs. Wold's behalf when he was her lawyer. Some of these defendants are citizens of Illinois. Holding that the joinder of these defendants had destroyed the complete diversity on which the federal court's jurisdiction depends, the district judge dismissed the complaint on his own initiative.

We commend the judge for his vigilance in policing the limits on our jurisdiction, see, e.g., *Kanzelberger v. Kanzelberger*, 782 F.2d 774 (7th Cir.1986), but we are unable to determine from the record whether the joinder of the additional defendants destroyed the diversity jurisdiction of the district court, and we must therefore remand the case for further proceedings in the district court.

Matchett was proceeding against these defendants under Illinois' attorney's lien statute. See Ill.Rev.Stat. ch. 13, ¶ 14; *Rhoades v. Norfolk & Western Ry.*, 78 Ill.2d 217, 226-27, 35 Ill.Dec. 680, 684, 399 N.E.2d 969, 973 (1979); *McKee-Berger-Mansueto, Inc. v. Board of Education*, 691 F.2d 828, 834 (7th Cir.1982). That statute empowers an attorney to affix a lien for his unpaid legal fees to any verdict or judg-

ment that may be entered on behalf of the person who owes him those fees. He does this by mailing the defendants in that action a registered or certified letter informing them of his claim. Should he later join those defendants as additional parties in a collection suit against his client, this would not necessarily destroy complete diversity. The addition to a lawsuit of a purely nominal party—the holder of the stakes of the dispute between the plaintiff and the original defendant—does not affect diversity jurisdiction. This principle is illustrated by *Bacon v. Rives*, 106 U.S. (16 Otto) 99, 1 S.Ct. 3, 27 L.Ed. 69 (1882), where the plaintiff named as additional defendants persons who were in effect garnishees, and the Court held that this didn't affect diversity jurisdiction.

It is true that in an old but still (so far as we are aware) authoritative decision the Illinois Supreme Court distinguished between the Illinois statutory attorney's fee lien and an ordinary lien. See *Baker v. Baker*, 258 Ill. 418, 420–21, 101 N.E. 587, 587–88 (1913). An ordinary lien attaches to property in being; the statutory attorney's lien attaches to an expectation, and the court thought the statute better described therefore as making the attorney in effect a partial assignee of his client's interest in the lawsuit in which the attorney was representing him. But we do not see why this should change the case. In either way of looking at it the attorney's interest remains contingent on the outcome of the dispute between his client and his client's adversary.

■ The difficulty with all this is that it is very unlikely that Matchett has a statutory attorney's lien. There is no indication that he ever served the required notice on the additional defendants. It appears that all he served on them is the complaint, and we find it hard to imagine how he could sue them for failing to honor his lien before they could even know he had a lien! We are also greatly troubled by the fact that Mrs. Wold appears to have fired Matchett before he filed the complaint. The Illinois courts do not allow the statutory lien to be perfected after the attorney-client relation-

ship has terminated. *Rhoades v. Norfolk & Western Ry., supra*, 78 Ill.2d at 227, 35 Ill.Dec. at 684–85, 399 N.E.2d at 973–74.

On both grounds it is extremely unlikely that Matchett perfected his lien. He might have an equitable lien, see *McKee-Berger-Mansueto, Inc. v. Board of Education, supra*, 691 F.2d at 835–37, but this is unlikely, if only because he doesn't argue that he has an equitable lien. It might seem that, if indeed he has no perfected lien against the defendants, still this is no reason to treat them as other than nominal parties, when that is all they would be if he did have a perfected lien. But there is a difference between a nominal party, and a party against whom the plaintiff has failed to state a claim. If as may well be the case Matchett has no basis whatever for claiming to have an unsatisfied lien against the additional defendants, the inference arises that he has other purposes in suing them; that in fact there is a genuinely adversary relationship. If so, they are real defendants, not nominal defendants in the nature of garnishees or other stakeholders, and the requirement of complete diversity of citizenship is not satisfied.

■ In these confused circumstances, it seems best to remand for a further exploration of the nature of Matchett's claim against the other defendants, and whether it is properly describable as a purely ancillary claim to enforce a lien.

On a separate front, Mrs. Wold's brief (filed pro se) makes serious allegations of misconduct on the part of Matchett when he was her lawyer. She claims among other things that he filed a number of suits without her consent and refused to dismiss them when she asked him to. We are forwarding the brief to the Illinois Attorney Registration and Disciplinary Commission to consider the allegations. Needless to say, we express no view on their actual or probable truth or falsity.

REMANDED.