(3) The party asserting estoppel was ignorant of the facts; and

(4) The party asserting estoppel reasonably relied on the other's conduct and was substantially injured as a result.

*Bell v. O'Leary,* 577 F.Supp. 1361, 1365 (E.D.Mo.1983), *aff'd,* 744 F.2d 1370 (8th Cir.1984). The evidence fails to demonstrate that the government relied upon the claim form to its detriment. Defendant never paid plaintiff the $3,721.06, and thus, suffered no injury. Prejudice in some tangible form is an essential element of an equitable estoppel claim. *Old Republic Insurance Co. v. United States,* 645 F.Supp. 943, 947 (Ct.Int'l.Trade 1986). Because the government has failed to establish the fourth element of estoppel, plaintiff is not estopped from asserting damages in excess of $3,721.06.

The Court finds that the estimate of the structural and personal property damage to plaintiff's home calculated by Joseph P. Caulfield, Public Adjuster, represents a fair and accurate estimation of plaintiff's losses. After reducing that amount to account for depreciation and plaintiff's deductible, the Court enters judgment in favor of plaintiff in the amount of $11,436.60.

**CODE CONSULTANTS, INC., Plaintiff,**

v.

**G.M. HOCK CONSTRUCTION, INC., et al., Defendants.**

No. 88–1562C(6).

United States District Court, E.D. Missouri, E.D.

Jan. 12, 1989.

W. Layton Stewart, St. Louis Mo., for plaintiff.

Carroll Stribling, Jr., St. Louis, Mo., for defendants Woodward, Fitzgerald, McMillan and First Nat. Bank, N.C.

Byron Francis, St. Louis, Mo., for defendants Hock and Hock Const.

## MEMORANDUM AND ORDER

GUNN, District Judge.

This case is currently before the court on defendants' motion to dismiss for lack of jurisdiction or for failure to comply with Missouri's lien statute notice requirements. For the reasons set forth below, the court will grant defendants' motion.

Plaintiff Code Consultants, Inc., a Missouri corporation, brings this action based on defendant G.M. Hock Construction, Inc.'s failure to pay code consultants for engineering services. In Count I, brought in quantum meruit, plaintiff seeks judgment against G.M. Hock Construction. In Count II, plaintiff seeks the same amount of damages from G.M Hock Construction for breach of contract. In Count III, plaintiff seeks to establish a mechanic's lien against property owned by Gary M. Hock, d/b/a G.M. Hock Construction, as well as the priority of that lien over a deed of trust held on the property. Defendants Woodward, Fitzgerald, and McMillan are the trustees on the deed; defendant First Union National Bank of North Carolina is the cestuique trust. All defendants except Fitzgerald and McMillan are citizens of North Carolina. Fitzgerald and McMillan are citizens of Missouri, as is plaintiff.

For their first argument in favor of dismissal, therefore, defendants allege a lack of complete diversity. Plaintiff alleges in response that the citizenship of Fitzgerald and McMillan is immaterial for diversity purposes because they are nominal parties to this action, as trustees for the deed of trust. The real party in interest, plaintiff urges, is First Union National Bank of North Carolina, the beneficiary of the deed of trust. Because the court finds defendants' jurisdictional argument persuasive, it will not address their alternative ground herein.

Plaintiff correctly notes that, in some circumstances, the citizenship of a purely nominal party may be disregarded. The court does not find that the instant facts present such circumstances, however. *See, e.g., Matchett v. Wold,* 818 F.2d 574, 576 (7th Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 230, 98 L.Ed.2d 189 (1987).

Contrary to plaintiff's assertions, the courts have consistently held that the trustee, rather than the beneficiary of the trust, is the necessary party where disposition of the trust property is at issue. *Matchett,* at 576. Put a different way, where the trustee is an "active" trustee, he must be made a party to an action concerning trust assets, and his citizenship is therefore relevant to a determination of diversity. *Navarro Savings Ass'n v. Lee,* 446 U.S. 458, 464, 100 S.Ct. 1779, 1783, 64 L.Ed.2d 425 (1979).

The federal courts must look to state law to determine a representative party's powers and duties. *See, e.g., Iowa Pub. Serv. Co. v. Medicine Bow Coal Co.,* 556 F.2d 400, 404 (8th Cir.1977). The Missouri courts have held that the trustee of a deed of trust has the power to sell the trust property. *Citizens Bank v. West Quincy Auto Auction,* 742 S.W.2d 161, 162–63 (Mo. banc 1987). Specifically, in an action to determine the priority of a lien over a deed of trust, or to enforce the lien, any preference sought to be created is "waived and extinguished" absent the trustee's joinder in the case. *Riverside Lumber Co. v. Schafer,* 251 Mo. 539, 158 S.W. 340, 344 (1913).

Finally, and perhaps most persuasive from a practical standpoint, plaintiff cannot now be heard to argue that two of the defendants are nominal parties for diversity purposes when plaintiff initially adjudged those same parties to have a substantially sufficient interest in this lawsuit to name them as defendants. Accordingly,

IT IS HEREBY ORDERED that defendants' motion to dismiss be and is granted.