**SELFIX, INC. and Selfix Independent Products Company, Inc.,**
Plaintiffs,

v.

**Leonard BISK and Continental Illinois Bank and Trust Company, N.A.,**
Defendants.

No. 94 C 972.

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 18, 1994.

William E. Deitrick, Jeffrey C.B. Levine, Mayer, Brown & Platt, Chicago, IL, for Continental Ill. Bank and Trust Co., N.A.

## MEMORANDUM OPINION

GRADY, District Judge.

Plaintiffs Selfix, Inc. and Selfix Independent Products Company sued defendants Leonard Bisk and Continental Illinois Bank and Trust Company in an Illinois state court. Defendant Leonard Bisk removed the case to federal court pursuant to 28 U.S.C. §§ 1441 and 1332, basing jurisdiction on diversity of the parties. Plaintiffs now move to remand the case to the state court pursuant to 28 U.S.C. § 1447(c), arguing that the parties are not diverse. For the reasons explained below, the motion is denied.

### BACKGROUND

On February 1, 1994, Selfix, Inc. and Selfix Independent Products Company (collectively "Selfix") filed suit against Leonard Bisk and Continental Illinois Bank and Trust Company ("Continental") in an Illinois state court. The suit centered around several agreements that Selfix and Bisk entered into when Selfix purchased Independent Products Company. The agreements were secured by letters of credit issued by Continental, and provided that Bisk had the right to call the letters of credit upon default by Selfix.

In the state court suit, Selfix sought to be released from its obligations under the agreements. Selfix asked for two things: first, a declaration that Bisk had breached the agreements and that Selfix was therefore released from its obligations, and second, an injunction against Bisk from calling the letters of credit and against Continental from paying on those letters of credit if called.

On February 16, 1994, defendant Bisk removed the case to this court pursuant to 28 U.S.C. § 1441. Bisk claimed that the case fell within the court's diversity jurisdiction. 28 U.S.C. § 1332. He said that the amount in controversy exceeded $50,000 and made the following statements with regard to the citizenship of the parties: Bisk is a resident of Israel and of the state of Pennsylvania.[1] Defendant Continental is a national

Deborah S. Brussert, Much, Shelist, Freed, Denenberg, Ament & Eiger, P.C., Chicago, IL, for Selfix Inc., Selfix Independent Products Co., Inc.

Constantine D. Kasson, Burditt & Radzius, Chicago, IL, for Leonard Bisk.

---

1. Bisk's statement is not a proper allegation of citizenship as required by 28 U.S.C. § 1332. The parties' citizenship, not residence, determines whether diversity exists. *Pollution Control In-*

banking association located in Chicago, Illinois, and is, therefore, a citizen of Illinois.[2] 28 U.S.C. § 1348. Plaintiffs Selfix, Inc. and Selfix Independent Products Company are both Delaware corporations with their principal places of business in Chicago, Illinois. Both plaintiffs are, therefore, citizens of Delaware and of Illinois. 28 U.S.C. § 1332(c)(1).

Even though the plaintiffs and one defendant, Continental, are Illinois citizens, Bisk argues that diversity jurisdiction is proper because either (1) Continental is a nominal party whose citizenship should be ignored for diversity purposes, or (2) Continental should be realigned as a plaintiff, since the action is actually an interpleader. Plaintiffs have moved to remand this action pursuant to 28 U.S.C. § 1447(c), arguing that Continental is not a nominal defendant, that it should not be realigned as a plaintiff, and that complete diversity therefore does not exist.

## DISCUSSION

■ When a case is removed to federal court from a state court, if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case must be remanded to the state court. 28 U.S.C. § 1447(c). Because there is no federal question involved in this case, jurisdiction is proper only if the case falls within the court's diversity jurisdiction. 28 U.S.C. § 1332. Diversity jurisdiction is proper only where there is complete diversity among the parties, that is, where no defendant is a citizen of the same state as any plaintiff. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Thus, the court must remand if complete diversity does not exist between the parties.

## I. *Nominal Party*

■ If a party to a suit is merely a nominal party, its presence in the suit will not defeat removal. A nominal party need not join in the removal petition. *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 369 (7th Cir.1993). Moreover, the addition to a lawsuit of a purely nominal party does not affect diversity jurisdiction. *Matchett v. Wold,* 818 F.2d 574, 576 (7th Cir.), *cert. denied,* 484 U.S. 897, 108 S.Ct. 230, 98 L.Ed.2d 189 (1987). If, therefore, Continental is a nominal party to this suit, the suit was properly removed even though Continental did not join the removal petition and even though its citizenship is the same as that of the plaintiffs.

■ In two cases decided not long ago, but cited by neither party, the Seventh Circuit explained the concept of a nominal defendant. A defendant is nominal "if there is no reasonable basis for predicting that it will be held liable" in the suit. *Shaw,* 994 F.2d at 369. A nominal defendant "has no ownership interest in the property which is the subject of litigation"; it "holds the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute." *SEC v. Cherif,* 933 F.2d 403, 414 (7th Cir. 1991), *cert. denied,* 502 U.S. 1071, 112 S.Ct. 966, 117 L.Ed.2d 131 (1992) (citations omitted). "Because the nominal defendant is a trustee, agent, or depositary who has possession of the funds which are the subject of litigation, he must often be joined purely as a means of facilitating collection." *Id.* When the dispute is resolved, "[t]he court needs to order the nominal defendant to turn over funds to the prevailing party." *Id.* A nominal defendant is not a real party in interest because it has no interest in the subject matter litigated. "His relation to the suit is merely incidental and it is of no moment to him whether the one or the other side in the

dus. of America, Inc. v. Van Gundy, 21 F.3d 152, 155 (7th Cir.1994); *Dausch v. Rykse,* 9 F.3d 1244, 1245 (7th Cir.1993) (per curiam). The party seeking removal bears the burden of establishing diversity jurisdiction. *Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir.1993). Accordingly, for this court to retain jurisdiction, Bisk must amend his petition for removal to contain proper jurisdictional allegations.

2. On June 29, 1994, after Bisk filed the petition for removal, Continental converted from a national banking association to an Illinois state chartered bank. Answer of Defendant Continental Bank to Amended Complaint at 2. This does not affect the present motion for two reasons: first, the court looks at the parties' citizenship at the time that the suit is filed and when it is removed. *Kanzelberger v. Kanzelberger,* 782 F.2d 774, 776 (7th Cir.1986). Second, the conversion did not change Continental's Illinois citizenship.

controversy succeeds." *Id.* Because of the disinterested status of the nominal defendant, "there is no claim against him and it is unnecessary to obtain subject matter jurisdiction over him once jurisdiction over the defendant is established." *Id.*

■ Moreover, a nominal defendant cannot be a "necessary" or "indispensable" party as those terms are used in Fed.R.Civ.P. 19. *Cherif,* 933 F.2d at 414 n. 13. A nominal defendant has no interest in the property that is the subject of the litigation. *Id.* In contrast, a necessary party is one who "claims an interest relating to the subject of the action." Fed.R.Civ.P. 19(a); *id.*

■ Under the Seventh Circuit's definition, Continental is a nominal party to the litigation between Bisk and Selfix. The essence of this case is a contract dispute between Bisk and Selfix. There is no reasonable basis for predicting that Continental will be held liable. *Shaw,* 994 F.2d at 369. If Selfix wins on its contract claim, it will be discharged from its obligations, and Bisk will be enjoined from calling the letters of credit. If Selfix loses, it will not be so discharged, and it will be bound by the contract. At most, Continental will have to pay on the letters of credit to Bisk and recover from its customer Selfix. Selfix has not shown that, under either outcome, Continental will be liable in the contract dispute.

Furthermore, Continental is disinterested in the Bisk–Selfix dispute. Continental "has no interest in the subject matter litigated"; it is of no moment to Continental whether Selfix or Bisk succeeds. *Cherif,* 933 F.2d at 414. As explained above, if Bisk calls the letters of credit, Continental will pay pursuant to the terms of the agreements and the letters of credit, and seek reimbursement from Selfix. If Bisk is enjoined from calling the letters of credit, Continental will not pay on them. Selfix has not shown that Continental will be materially affected by either outcome in the Bisk–Selfix dispute.

■ In addition, Continental is not a necessary party to the Bisk–Selfix lawsuit. As explained, Continental has no interest in the subject of the action. It is therefore not a necessary party under Fed.R.Civ.P. 19.

This case is similar to a case in which the Supreme Court held that the holder of funds was a nominal party to a dispute between the two parties who were claiming the funds. *Salem Trust Co. v. Manufacturers' Finance Co.,* 264 U.S. 182, 190, 44 S.Ct. 266, 267, 68 L.Ed. 628 (1924). The dispute in *Salem Trust* arose when a company assigned the same right to payment on a debt to two different entities, Salem and Manufacturers. The debtor paid part of the debt, and Salem and Manufacturers agreed to deposit the proceeds with International Trust Company until their respective rights were determined. When Salem and Manufacturers could not agree on the disposition of the funds, Salem, a Massachusetts corporation, sued Manufacturers, a Delaware corporation, and International Trust, a Massachusetts corporation, in state court. Manufacturers removed the case to federal court, arguing that complete diversity existed because International Trust was a mere nominal party. *Id.* at 187–88, 44 S.Ct. at 266–67.

The Court agreed. It held that the suit was really a controversy between Salem and Manufacturers and could be determined without affecting any interest of the International Trust Company. *Id.* at 190, 44 S.Ct. at 267. International Trust was a nominal party: it had no interest in the controversy; its only obligation was to pay over the amount deposited with it when it was ascertained which of the other parties was entitled to it. As an unnecessary and dispensable party, its citizenship was irrelevant to establishing jurisdiction. *Id.*

Selfix argues that Continental is not a nominal party because Continental has duties and obligations of its own which could be affected by the outcome of the Bisk–Selfix dispute. Selfix says that Continental has a direct obligation to pay on the letters of credit upon receiving notice of default, which creates a primary liability on the part of Continental. While it is true that the letter of credit arrangement creates a primary liability on Continental's part, see *Bank of North Carolina, N.A. v. Rock Island Bank,* 570 F.2d 202, 206 n. 7 (7th Cir.1978), Selfix does not explain why this makes Continental

directly interested in its contract dispute with Bisk.

Selfix also argues that it is possible that Bisk will call the letters of credit in violation of an injunction, that Continental will be bound to pay on them, and that Selfix will then have no recourse against Continental. Therefore, Selfix argues, an injunction against Continental from paying the letters of credit is necessary in addition to the injunction against Bisk from calling those letters of credit. But this does not make Continental a necessary party to this lawsuit. In the event that Bisk violated an injunction, Selfix would have recourse against Bisk.

Finally, in support of its position, Selfix cites several cases, none of which the court finds persuasive. In the first case, the dispute centered around the City of Seattle's payment of bonds and warrants that it had issued to fund its street railway system. *Von Herberg v. City of Seattle*, 27 F.2d 457 (9th Cir.), *cert. denied*, 278 U.S. 644, 49 S.Ct. 80, 73 L.Ed. 558 (1928). A warrant holder filed suit against the city, claiming priority over a bondholder to a city fund which held proceeds from operation of the railway. *Id.* at 457–58. The city then filed an interpleader action in state court against the warrant holder and the bondholder. The bondholder sought to remove the case to federal court, claiming that the city was a nominal party whose citizenship did not defeat diversity. *Id.* at 458–59.

The court held that the city was a necessary party to the suit, because the objective of the warrant holder's suit was to annul the contract between the city and the bondholder. As such, both parties to the contract were necessary. *Id.* at 461. As to the interpleader action, the court held that the city was not a mere stakeholder because it had aligned itself with the bondholder, and said that it would carry out its contract with the bondholder unless restrained from doing so by a court. *Id.* Such a position, the court held, was inconsistent with the posture of a mere stakeholder, who stands utterly indifferent between the parties. *Id.*

The reasoning of *Von Herberg* does not apply here. No party in this case is seeking to nullify Continental's arrangement with Selfix or Bisk, which would make Continental's presence necessary to protect its interest. Furthermore, Continental has not aligned itself with either Selfix or Bisk, as did the city in *Von Herberg*. Continental is, therefore, indifferent to the outcome between the parties, and properly called a nominal party.

Plaintiffs also cite *H.F. Vegter Excavation Co. v. Village of Oak Brook*, 790 F.Supp. 184 (N.D.Ill.1992). In that case, an Illinois subcontractor sued a Wisconsin general contractor, a Wisconsin surety, and the Village of Oak Brook, Illinois, for amounts it claimed were owed to it by the general contractor for "extras" on work performed for the Village of Oak Brook. The court held that Oak Brook was not a nominal party whose citizenship could be ignored for diversity purposes. *Id.* at 187. The court noted that the general contractor might seek to deflect the costs of the "extras" to Oak Brook. Given its economic interest in the litigation, Oak Brook was not a nominal party.

In *Vegter*, Oak Brook was not a nominal party because it was not disinterested in the outcome of the litigation between the general contractor and the subcontractor. Oak Brook might have been liable for the cost of the extras. *See Shaw*, 994 F.2d at 369; *Cherif*, 933 F.2d at 414. Because the subject of the litigation was who would pay for the "extras," and Oak Brook might have borne the cost, it could not be nominal. In contrast, as explained above, Continental will not incur any individual liability in the Selfix–Bisk dispute.

Finally, the plaintiffs cite two cases in which the courts held that the trustee of a trust was not a nominal party. *Gustafson v. Finn*, No. 90 C 06822, 1991 WL 32745, 1991 U.S.Dist.LEXIS 2671 (N.D.Ill. March 6, 1991); *Code Consultants, Inc. v. G.M. Hock Constr., Inc.*, 702 F.Supp. 766 (E.D.Mo.1989). The validity of these cases is now questionable, given the Seventh Circuit's later statement that a nominal defendant is a *"trustee, agent, or depositary."* *Cherif*, 933 F.2d at 414 (emphasis added).

## II. *Interpleader*

Having decided that Continental is a nominal party, the court need not decide whether this action is in the nature of an interpleader.

## *CONCLUSION*

Plaintiffs' motion to remand is denied. Defendant Bisk is given until November 7, 1994, to amend his petition for removal to allege diversity jurisdiction properly.