[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-13308
_____

D.C. Docket No. 06-02666 CV-CC1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 18, 2008
THOMAS K. KAHN
CLERK

WILLIAM E. MASTERS,
THE APOGEE GROUP, LLC,

Petitioners-Counter Defendants-
Appellees,

versus

DONALD R. HARKLEROAD,
BRISTOL VENTURES, LLC,

Respondents-Counter Claimants-
Cross Defendants-Cross Claimants-
Appellants,

THE BRISTOL CORPORATION,
OLDFIELD MOUNTAIN COMPANY, LCC,

Respondents-Counter Claimants-
Cross Defendants-Appellants,

JEWETT W.  TUCKER,

Respondent-Counter Claimant-
Cross Claimant-Cross Defendant,

HARKLEROAD & HERMANCE, PC,

Respondent-Counter Claimant-
Cross Defendant,

HIGHLANDS PASS, LCC,
POPLAR COVE, LCC,

Respondents-Cross Defendants,

ANNE G. MASTERS,

Cross Defendant,

F. CARLTON KING, JR., Receiver for
Highlands Pass, LLC and Poplar Cove, LLC,

Receiver-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(December 18, 2008)**

Before WILSON and COX, Circuit Judges, and FAWSETT,[*] District Judge.

PER CURIAM:

In August of 2007, Petitioners William E. Masters and The Apogee Group,

LLC filed an Amended Petition seeking equitable and legal relief against Donald R.

---

[*]Honorable Patricia C. Fawsett, United States District Judge for the Middle District of
Florida, sitting by designation.

2

Harkleroad, Harkleroad & Hermance, P.C., Jewett W. Tucker, Bristol Ventures, LLC, The Bristol Corporation, Poplar Cove LLC, Highlands Pass, LLC, and Oldfield Mountain Company, LLC. The Amended Petition sought, among other things: to enjoin all the Respondents from further acquisition, development, or financing activities on behalf of Poplar Cove, LLC and Highlands Pass, LLC (the LLCs) (R.2-36 at 34-35); the appointment of a receiver for the LLCs (R.2-36 at 35-36); and the judicial dissolution of the LLCs (R.2-36 at 32-34). In October of 2007, Petitioners moved to disqualify Miller & Martin, PLLC from representing any of the respondents based on an alleged conflict of interest. (R.2-49 at 2.) The district court granted this motion as to the LLCs, disqualifying Miller & Martin from representing them, and appointed F. Carlton King as a "receiver" for the LLCs.[1] (R.9-192 at 2-3.) Bristol Ventures, LLC, The Bristol Corporation, and Harkleroad (the Bristol Parties) appeal the order appointing King as a "receiver."

Shortly before oral argument, the Bristol Parties filed a letter brief arguing there was no complete diversity in this case. They argue that in *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020 (11th Cir. 2004), the court held that LLCs are citizens of every state of which their members are citizens. They further argue that Petitioners' Amended Petition establishes that Petitioners are

---

[1]The parties disagree about whether King is actually a receiver. We do not address this issue.

citizens of South Carolina, and the LLCs, Respondents to the petition, are citizens of South Carolina.[2] The Bristol Parties now contend that the district court lacked subject matter jurisdiction to enter the order appointing King as "receiver" since complete diversity is lacking.

Petitioners concede that the LLCs are citizens of South Carolina, where both Petitioners are citizens. Petitioners argue in response, however, that the LLCs are merely nominal parties, and as such, should not figure into any diversity-jurisdiction analysis.

Petitioners argue in their letter brief that the LLCs are similar to stakeholders, as here the Petitioners seek to dissolve the LLCs and divide their property among the claimants. Petitioners cite *Matchett v. Wold*, 818 F.2d 574 (7th Cir. 1987), for the proposition that the citizenship of stakeholders does not affect diversity jurisdiction.

We do not agree with Petitioners that the LLCs in this case are similar to the stakeholders in *Matchett*. In *Matchett*, a Seventh Circuit case, the plaintiff, a lawyer, sued a former client for unpaid legal fees. 818 F.2d at 575. The lawyer joined as defendants former litigants his client had sued, seeking to place a lien on any unpaid judgments they might owe his former client. *Id.* at 575-76. The Seventh Circuit held

---

[2]The Amended Petition alleges that William E. Masters and The Apogee Group, LLC are citizens of South Carolina. (R.2-36 at ¶¶ 1-2.) It also alleges that The Apogee Group LLC is a member of the LLCs. (R.2-36 at ¶¶ 13, 19.)

that the addition of these mere stakeholders, the holders of property that is at the heart of the dispute between the plaintiff and defendant, did not destroy complete diversity. *Id.* at 576. This case is distinguishable from the present case, where Petitioners seek to enjoin the LLCs from engaging in further business, appoint a receiver for the LLCs, dissolve the LLCs, and distribute their assets.

While the Supreme Court held that "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy," in *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 461, 100 S. Ct. 1779, 1782 (1980), we have found no authority, and Petitioners cite none in their letter brief, holding that a LLC which a plaintiff seeks to put into receivership, dissolve, and enjoin from engaging in any business activity is merely a nominal party.

Because complete diversity is lacking, and because the LLCs are not merely nominal parties for purposes of diversity jurisdiction, we conclude that the district court lacked subject matter jurisdiction to enter the order appointing a receiver. Accordingly, we vacate the order and remand to the district court with instructions to dismiss the case for lack of subject matter jurisdiction.

VACATED AND REMANDED WITH INSTRUCTIONS.